## JOHN Y. FOUST v. THE TERRITORY OF OKLAHOMA.

### (Filed Aug. 25, 1899.)

1. FORCIBLE ENTRY—*Statute Defined.* Statutes 1893, sec. 2299, which reads, " Every person guilty of using or procuring, encouraging or assisting another to use any force or violence in entering upon or detaining any lands or possessions of another," etc., " is guilty of a misdemeanor," creates and defines two distinct offenses,— one for forcibly enter'ng upon or detaining lands of another, and the other for forcibly entering upon or detaining the possession of another. " Lands," as here used, implies title or ownership, while " possession " implies only possessory interests or rights.

2. INFORMATION — *Essential Elements.* An information under said section which charges that the defendant " did then and there unlawfully and wilfully use force and violence, and assist another, to-wit, John Walburn, to use force and violence, in entering upon the possessions of another, to-wit, David B. Ellington; that is to say, the said John Y. Foust did then and there unlawfully and w lfully use force and violence, and assist another, towit, the said John Walburn, to use force and violence, in entering upon, into, and tearing down a dwelling house then and there in the lawful, peaceful, and actual possession, occupancy, and control of the said David B. Ellington; the said entry and entering aforesaid possessions and tearing down said dwelling house as aforesaid not having been made in a case and manner allowed by law,"—while somewhat inartistic and unnecessarily prolix, embraces all the essential elements of the crime charged, with sufficient certainty to withstand a demurrer and to support a judgment of conviction. " Possessions of another," as used in this statute, means the right to use, occupy, and enjoy the property to the exclusion of all others,—the mere possessory interest,—and does not imply any higher interest in lands.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before John L. McAtee, District Judge.*

*Lee M. Gray, Anderson & Rush, J. H. Antrobus* and *W. C. Stevens,* for plaintiff in error.

*Harper S. Cunningham, Attorney General,* and *O. D. Hubble, County Attorney,* for defendant in error.

Information against John Y. Foust for forcible entry. Demurrer to information overruled, and defendant brings error. Affirmed.

Opinion of the court by

BURFORD, C. J.: This is a prosecution by information under section 2299, Statutes 1893. The sufficiency of the amended information was challenged by demurrer, which was overruled and exceptions saved. The information, as amended, charges: "That one John Y. Foust did then and there unlawfully and wilfully use force and violence, and assist another, to wit, John Walburn, to use force and violence, in entering upon the possessions of another, to wit, David B. Ellington; that is to say, the said John Y. Foust did then and there unlawfully and wilfully use force and violence, and assist another, to wit, the said John Walburn, to use force and violence, in entering upon, into, and tearing down a dwelling house then and there in the lawful, peaceful, and actual possession, occupancy and control of the said David B. Ellington; the said entry and entering aforesaid possessions and tearing down said dwelling house aforesaid not having been made in a case and manner allowed by law."

The language of the statute is that "every person guilty of using or procuring, encouraging or assisting another to use any force or violence in entering upon or detaining any lands or possessions of another," etc., "is guilty of a misdemeanor." It is contended that this information is insufficient, because it failed to allege that

the land entered upon was the land of another. It is argued that one could not be guilty, under this statute, of breaking into and onto his own lands. We cannot accept this interpretation of the statute. The statute recognizes the possessions of another, and seeks to protect the possessions of one to the same extent and in the same manner as the lands of another. What is meant by the term "possessions of another" in this statute, is the right to use, occupy, and enjoy the property to the exclusion of all others—the mere possessory interest— and does not imply any higher interest in lands. We invite attention to the following definitions of "possession": Judge Black says possession is "the detention and control of or the normal or ideal custody of anything which may be the subject of property, for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, and either held personally or by another who exercised it in one's place and name. That condition of facts under which one can exercise his power over a corporeal thing at his pleasure, to the exclusion of all other persons." Black, Law Dict. 914: "The detention or enjoyment of a thing which a man holds or exercises by himself or by another who keeps or exercises it in his name. It implies exclusive enjoyment." 18 Am. & Eng. Enc. Law, 840: "Possession is one degree of title, though the lowest, and is such an interest in land that one who has the bare possession may maintain ejectment aginst a mere wrongdoer who intrudes into the possession." *Swift v. Agnes*, 33 Wis. 228: "Possession means simply the owning or having a thing in one's own power, and it may be actual or it may be constructive. Actual possession exists where the thing is in the immediate occupancy of the party. Constructive is that which exists in con-

templation of law without actual personal occupation." *Brown v. Volkening,* 64 N. Y. 80: "A possession is something more than a mere right or title, whether to a present or future estate. It implies a present right to deal with the property at pleasure, and to exclude other persons from meddling with it.  *  *  There can be no possession, actual or constructive, by an owner of an estate in lands, without at least the right to actual possession as against any other person." (*Sullivan v. Sullivan,* 66 N. Y. 37.)

Blackstone says: "In case of deforcement, also, where the deforciant had originally a lawful possession of the land, but now detains it wrongfully, he still continues to have the presumptive *prima facie* evidence of right— that is, possession lawfully gained, which possession shall not be overturned by the mere entry of another, but only by the demandant's showing a better right in a course of law. This remedy by entry must be pursued according to St. 5 Rich. II. Stat. 1, ch. 7, in a peaceable and easy manner, and not with force or strong hand. For, if one turns or keeps another out of possession forcibly, this is an injury of both a civil and criminal nature. The civil is remedied by immediate restitution, which puts the ancient possessor in *statu quo.* The criminal injury or public wrong by breach of the king's peace is punished by fine to the king." (3 Bl. Comm. 178, 179.)

From the foregoing definitions and authorities, we think it reasonable to conclude that the statute in question undertakes to define two distinct classes of offenses —one, the forcible entering upon or detaining the lands of another; the other, the forcible entering upon or detaining the possessions of another. The words "lands of another" imply title or ownership, as distinguished

from "possession," which word, as here used, implies nothing more than a possessory right or possession. Our statute re-enacts the law as stated by Blackstone, and makes it a misdemeanor for the owner of lands or any other person to forcibly and violently enter upon or detain that which is in the possession of another. He must resort to his course in law, if he cannot make a peaceable and quiet entry. It is the manner of the entry—the force and violence—at which the law directs its inhibition. No doubt, one of the very purposes of this statute is to restrain the landlord from assuming to be his own judge, and forcibly ejecting his tenant without a recourse to the courts for the enforcement of his rights. It restrains the strong, the powerful, the aggressive, against the weak or poor, and forbids the forcible entry upon lands or houses in the actual possession of another.

The information in this case specifically averred that the defendant, by force and violence, assisted one John Walburn to forcibly and violently enter upon, into, and tear down a dwelling house then and there in the lawful, peaceful, and actual possession, occupancy, and control of said David B. Ellington. This charge was specific, definite, and certain, and embraced every material element of the offense. It was immaterial, under this charge, who the owner of the land was. If the defendant was the owner, he was just as much prohibited from forcibly and violently entering the same while it was in the lawful, peaceful, and actual possession of Ellington, as would have been any stranger. The possession was Ellington's. If it was Ellington's, it could not be the defendant's. Hence, the defendant was charged with assisting to enter the possession of another. There

could be no mistaking the averment that Ellington was in the lawful, peaceful, and actual possession, occupancy, and control of the house. No stronger language could have been used to describe the possession of Ellington. The information was sufficient, and no error was committed in overruling the demurrer or motion for new trial. The judgment of the district court is affirmed, at the costs of the defendant, and the cause is remanded, with directions to the trial court to enforce the execution of the judgment.       ,

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.