# Campbell *v*. The State.

## *Larceny.*

(Decided Jan. 16, 1912.   57 South. 412.)

*Larceny; Indictment; Ownership of Property; Possession.*— Possession of property under the larceny statute means the owning or having a thing in one's power, and the possession may be actual or constructive, hence, from the facts in this case, the indictment properly charged that the money alleged to have been stolen was the money of Patrick, and not of the railroad company.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

Anderson Campbell was convicted of larceny and he appeals. Affirmed.

C. H. ROQUEMORE and ED T. GRAHAM, for appellant. The corpus delicti was not proven, and it is not shown that there was any intent to steal.—*Dozier v. The State*.

130 Ala. 57; *Holbrook v. The State,* 107 Ala. 54; *Beck-ham v. The State,* 100 Ala. 15. The ownership was improperly laid in the foreman.—*Underwood v. The State,* 72 Ala. 220; *Viberg v. The State,* 138 Ala. 100. Counsel insist that the instructions of the court to the jury were erroneous, as no larceny was shown to have been committed.—*McMullen v. The State,* 53 Ala. 531; *Bailey v. The State,* 58 Ala. 415; *Weaver v. The State,* 77 Ala. 26; *Levy v. The State,* 79 Ala. 259.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The ownership was properly laid in Patrick.—*Jones v. The State,* 13 Ala. 153; *Payne v. The State,* 140 Ala. 148; *Kirby v. The State,* 139 Ala. 87; *Morningstar v. The State,* 52 Ala. 503; *Fowler v. The State,* 100 Ala. 96; *Viberg v. The State,* 138 Ala. 100.

DE GRAFFENRIED, J.—H. E. Patrick, it appears from the evidence, was the foreman of a gang of laborers in the employ of the Louisville & Nashville Railroad Company. On pay day he went to the pay car of said company for the purpose of drawing his own pay and also the pay due to the laborers belonging to his gang. The defendant was a member of the gang, and the railroad company owed him something over $5, and he, along with the other members of the gang, accompanied Patrick to the car. It appears to have been the custom of the railroad company, from data furnished to it before each pay day, to have already prepared and in readiness on each pay day, for each gang of laborers, a list or pay roll, showing the name of the foreman and of each member of the gang, with the amount due each man set out opposite to his name, and the money was paid to each man to whom it was due in the following way: A clerk would call the name of each man as his

[Campbell v. The State.]

name appeared on the pay roll, another clerk standing by would identify the payment to each man as it was made by the paymaster, and the section foreman would stand by and identify the members of his gang as their names were called. The name of the foreman of the gang was always the first name on the pay roll, and he was always the first man to receive his pay.

On the day in question the above custom was pursued, and when Patrick's name was called the money due him, $78, was counted out on the counter. Patrick, about the time the money was placed on the counter, turned to sign the pay roll, and the paymaster turned his head away, and when Patrick turned around after signing the pay roll the money was gone. The defendant had taken the money from the counter and had disappeared. A few moments afterwards he was found by Patrick and the money taken from him. Patrick took the money and the defendant back to the paymaster. The money was again counted by the paymaster and then handed or paid to Patrick.

The defendant was indicted for the larceny of the money, and in the indictment it is alleged that the money was the property of Patrick, and the defendant claims that there was a fatal variance between the allegations and the proof, in that the evidence showed that both the title and the possession of the money were in the Louisville & Nashville Railroad Company. It is contended by the defendant that as Patrick had not, in fact, placed his hands upon the money or finished his signature to the pay roll when the money was taken from the counter, therefore neither the title to nor the possession of the money had passed from the railroad company to Patrick.

When the paymaster segregated the $78 from the rest of the money of the railroad company, he did it for the

[Campbell v. The State.]

benefit of Patrick, and, but for the fact that the defendant took the money from the counter, in all human probability it would never have gone back into the paymaster's hand. It was carried back to the paymaster when recovered from the defendant in order that he might properly identify it and see that it was all of the money, and when that was done it was delivered to its real owner, the man for whom it had been counted out and placed on the counter in the first instance—Patrick. When the money was placed on the counter by the paymaster, it was placed there for Patrick and as money belonging to Patrick for the wages due him. It was, in fact, a delivery of the money to Patrick, and the mere fact that Patrick had not put his hands upon the money when the defendant took it and may not, in fact, have known that the paymaster had placed it there for him, cannot avail the defendant. The money was placed under Patrick's rightful dominion, and the defendant violated that dominion when he, without the knowledge or consent of Patrick, took it away.

"Possession" means, simply, the owning or having a thing in one's power; it may be actual, or it may be constructive. "Actual possession" of a chattel exists when the thing is in the actual manual custody of the party; "constructive possession" is that which exists in contemplation of law without actual custody.—*Brown v. Volkening*, 64 N. Y. 76; *Foust v. Territory of Oklahoma*, 8 Okl. 543, 58 Pac. 728.

The parts of the oral charge of the court to which the defendant reserved exceptions were in accordance with the above views. There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.