### SMITH et al. v. SUTTON.

No. 7196—Opinion Filed Oct. 9, 1917.

Rehearing Denied Jan. 16, 1918.

(169 Pac. 886.)

(Syllabus.)

**Appeal and Error — Harmless Error — Affirmance.**

Where the right of the plaintiff to recover upon the undisputed facts is so apparent that the errors assigned, if sustained, could not have resulted in a miscarriage of justice, the judgment will be affirmed.

Error from District Court, Oklahoma County; W. R. Taylor, Judge.

Suit by J. W. Sutton against H. M. Smith and another. Judgment for plaintiff, and defendants bring error. Affirmed.

H. G. Oliver and Ledbetter, Stuart & Bell, for plaintiffs in error.

Keaton, Wells & Johnston, for defendant in error.

TURNER, J. On March 28, 1914, J. W. Sutton, defendant in error, in the district court of Oklahoma county, sued H. M. Smith, Henry Martin, and D. L. Harrel, partners doing business as Smith, Martin & Harrel. The petition substantially states: That on September 23, 1909, defendants, as partners, were engaged in the real estate business in Oklahoma City. That on said day, by contract in writing, defendants, for $50 cash in hand paid them by plaintiff and for $400 agreed to be paid by him as follows: $50 on January 1, 1910; $50 August 1, 1910; $50 January 1, 1911; $50 August 1, 1911; $100 January 1, 1912; and $100 August 1, 1912—agreed to furnish a good and sufficient warranty deed to plaintiff to lots 21, 22, 23, and 24 in block 11, Martin's addition to said city. That time was expressly made the essence of the contract. That plaintiff had performed all the conditions thereof. That defendants had

defaulted in the performance of their part thereof, and never having been the owners of the lots, have been wholly unable to make him a deed thereto. That he was elected to declare the contract broken by defendants, and sue to recover the amount of money so paid. That he has made demand on them for the return, which they refuse to do. Wherefore he prays judgment against them for said amount and interest, in all $539.55 and costs. A copy of the contract is made an exhibit to his petition. For amended answer, Smith and Martin only, after general denial, admitted the partnership and contract as alleged, but say that all dealings concerning same were carried on between plaintiff and their partner, Harrel; that, shortly after plaintiff had finished paying him for the lots, Harrel settled with plaintiff by executing his note payable to plaintiff for the amount he had paid for the lots; that they do not know what has become of the note; that plaintiff had, at no time, demanded of them the deed, except a few days before suit, whereupon they did not refuse, but asked for a little time so to do, and later tendered him a good and sufficient warranty deed to the lots in question and now bring the deed into court and again tender it, and state that since the execution of the contract they have at all times been ready, able, and willing to give plaintiff a good deed to the lots upon proof that he had paid for same. After reply, in effect a general denial, there was trial to the court and judgment for plaintiff as prayed, and defendants bring the case here.

The uncontroverted facts, as disclosed by the record, are: A short time before the execution of the contract, defendants were partners and, as one of them had acquired a small acreage some miles south of Capitol Hill, subject to a mortgage to secure the purchase money, the firm went into the business of selling this land, which they laid out in lots and blocks, under arrangement with the mortgagor to release the lots from the mortgage as fast as they were sold, for a certain consideration to be paid by the firm which could then make a deed to the purchaser. Accordingly, the firm entered into the contract with plaintiff set forth in his petition, shortly after which the firm was dissolved; Harrel taking over the business of the firm, including, by assignment, plaintiff's notes and contract — of all of which plaintiff was notified by Smith some 60 days thereafter, and that he (Harrel) would carry out the contract. Both Smith and Martin then seemed to have forgotten the transaction, but not so Harrel, who col-

lected from plaintiff the purchase money and, when he applied to him for a deed, failed and refused to comply with the contract by giving him one; but, when plaintiff said he would rather have his money back, Harrel, on August 16, 1912, made, executed, and delivered to him a note therefor ($495) payable 90 days from date which he failed to pay when due and disappeared, whereupon, the note remaining unpaid, plaintiff brought this suit, not against Harrel upon the note, but against the firm to recover the money paid it under the contract which, at the time of accepting the note, plaintiff retained and refused to surrender until the note was paid. In it time is made the essence of the contract. Intermediate the time it was entered into and the payment of the last note mentioned therein —that is, on October 9, 1911—the mortgagors of the acreage instituted foreclosure proceedings thereon, which resulted in a sheriff's deed, dated June 6, 1912, divesting the firm or any of the partners of any interest in the property. A few days before this suit, Smith and Martin tendered plaintiff a deed to the lots, after, it seems, they had become of little or no value.

Since the right of plaintiff to recover on the facts is so apparent that the errors assigned, if sustained, could not have resulted in a miscarriage of justice, of them we need not speak (Rev. Laws 1910, § 6005), except to say that the court did not abuse its discretion when, about two months after the trial and about ten days after judgment and the filing of the motion for a new trial, he refused to permit plaintiff to amend his second amended answer so as to plead that, when the partnership was dissolved and Harrel had executed his note to plaintiff, by operation of law Smith and Martin, the remaining partners, thereby became surety for Harrel thereon, and that, as the same was given plaintiff in lieu of the deed stipulated for in the contract, they were for that, and perhaps for other reasons not clear to us, discharged from liability on the contract. Rev. Laws 1910, § 4790.

Finding no error, the judgment is affirmed.

All the Justices concur.