## MOORE et al. v. WHITE et al.

No. 9024.—Opinion Filed July 22. 1919.

(Syllabus by the Court.)

### 1. Oil and Gas—Assignment of Oil Lease—Parol Variation.

Where an assignment in writing of certain oil and gas leases appears to contain the final agreement of the parties all previous representations and negotiations are merged therein, and thereafter in the absence of fraud, the rights and liabilities of the parties must be determined by the writing.

### 2. Same—Warranty of Title.

An assignment in writing of "all our right, title and interest in and to a certain leasehold for oil and gas mining purposes" does not amount to a warranty of title.

### 3. Same—Interest Passed by Assignment.

Under such an assignment the assignees merely take whatever interest the assignors have in the leasehold and. in the absence of fraud, assume the hazards arising out of failure of title.

Error from District Court, Washington County; R. H. Hudson, Judge.

Action by W. J. White and others against Clint Moore and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

H. H. Montgomery, for plaintiffs in error.

James A. Veasey and J. P. O'Meara, for defendants in error.

KANE, J. This was an action upon a promissory note commenced by the defendants in error, plaintiffs below, against the plaintiffs in error, defendants below. Hereafter, for convenience, the parties will be called "plaintiffs" and "defendants," respectively, as they appeared in the trial court.

The note was given in partial payment for the assignment of certain oil and gas leases by the plaintiffs to the defendants. The petition was in the usual short statutory form and stated facts sufficient to constitute a cause of action. The answer of the defendants admitted the execution of the note, but denied any indebtedness thereon whatever because of the failure of the consideration therefor, occasioned by the failure of the title to one of the tracts of land covered by the leases. The defendants also set up a counterclaim for damages alleged to have been occasioned by the failure of the title to the land, which consisted of seven and one-half acres embraced in what is known as the Stapler lease. By way of reply the plaintiffs alleged that:

"By a writing which is in the possession of the defendants, they (plaintiffs) sold, assigned and transferred all their right, title, and interest in said property to the defendants, and that no warranty of any kind was made as to the title to said land or leases, and that no false representations were made in reference to the same, and that the defendant Moore knew as much about the title to said premises as the plaintiffs knew, and he simply bought whatever title the plaintiffs had to sell, and the plaintiffs simply sold their right, title and interest in said

property and did not attempt to convey or warranty any title except such as they in fact had."

After each party had introduced his evidence and rested the court directed the jury to return a verdict in favor of the plaintiffs, which was done, whereupon this proceeding in error was commenced for the purpose of reviewing the action of the trial court.

The defendants contend that the transfer of the leases was by general assignment and therefore the law implied a warranty of title in the seller, upon the breach of which the defendants were not only entitled to defend against the note, but to recover all the payments previously made on the entire transaction, which were in excess of the depreciation in value the leases were shown to have suffered by the failure of title of the land embraced in the Stapler lease. On the other hand, counsel for the plaintiffs contend that although there were extended oral negotiations between the contracting parties prior to the consummation of the sale, they were all finally merged in the following written assignment by which the rights and liabilities of the parties must be determined:

"Know All Men By These Presents: That we, Robert J. Wilson, William J. White, John W. White, and Harmon F. Anawalt, of Russellville, Arkansas, parties of the first part, for and in consideration of One Dollar ($1.00) and other good and valuable consideration, receipt of which is hereby acknowledged, do hereby bargain, sell, transfer, assign, and convey unto Clint Moore, of Bartlesville, Oklahoma, and G. T. Braden, of Pittsburgh, Pa., parties of the second part all our right, title and interest in and to a certain leasehold for oil and gas mining purposes, made and entered into on the 13th day of May, A. D. 1904, by and between Rilla M. Pemberton, of Bartlesville, Oklahoma, as lessor, and the first parties hereto, as lessees, covering the following described lands," etc.

They say that inasmuch as by the terms of this writing, the plaintiffs assigned only all their right, title and interest in the leases, the effect thereof was that the defendants simply bought whatever title the plaintiffs had to sell, and assumed all the risks which might arise out of the failure of title of any of the leased premises. We have examined the record carefully and are satisfied that the foregoing written assignment contains the final agreement of the parties. This being true it follows that all previous negotiations were merged in the writing, and by its terms, there being no fraud shown, the rights and liabilities of the

parties must be determined. Peabody v. Phelps, 9 Cal. 213.

In support of their contention that the assignment does not amount to a warranty of title counsel cite Tupeker v. Deaner, 46 Okla. 32, 148 Pac. 853; Hogland v. Hall, 38 N. J. Law, 351; Bank v. Trust Company, 123 Mass. 330. The Tupeker case seems to us to be directly in point. In that case, as in this, the assignor assigned all his right, title, and interest in and to certain oil and gas mining leases. The action was for the recovery of the money paid as consideration for the assignment upon failure of title of the leasehold, and for damages. In discussing generally the construction and binding force of such contracts, the court says:

"The assignment of the lease in question recited: 'Do by these presents sell, assign, transfer and set over * * * all my right, title and interest in and to a certain oil and gas mining lease * * *' It is the general rule that, in transactions involving the transfer of property, the contract, unless contrary to law, will control, and its terms will not be extended or enlarged upon by a court, for to do so would be to make a new contract other and different than the one intended by the parties."

Discussing the effect of the contract under consideration, the court says:

"He (the plaintiff) contracted * * * for only 'the right, title and interest' of the assignor. This, whatever it was, he took by the assignment and nothing more. He voluntarily assumed the hazard of known conditons, which he now alleges have defeated such 'right, title and interest.' Under the facts in this case, the general rule applicable to the sales of personalty, that the act of selling is in itself an affirmance of the vendor that he is the owner, out of which arises an implied warranty of title, does not obtain."

Counsel for defendants say that the cases are distinguishable in that in the principal case it appeared that the assignee voluntarily assumed the hazard of known conditions which defeated his right, while in the case at bar the conditions were unknown to the assignees. Counsel fails, however, to point out or direct our attention to any conditions which were known to the assignor and unknown to the assignees, and we find nothing in the record showing any lack of knowledge on the part of the latter. Neither party disclose in their briefs the defects which caused the failure of title of seven and one-half acres of land contained in the Stapler lease, but no doubt whatever they were as open to discovery by one set of the contracting parties as by the other. While the answer and cross-petition of the defendants contain allegations which,

if proven, would constitute fraud, there was no testimony offered at the trial tending to support these allegations.

Nothing appearing which distinguishes this case from the Tupeker case, the judgment of the court below must be affirmed.

SHARP, JOHNSON, HARRISON, and McNEILL, JJ., concur.