## PURDY et al. v. MILLER HUNTER CO.

No. 14571—Opinion Filed Dec. 18, 1923.

**1. Evidence—Parol Evidence Varying Writing.**

Parol evidence is not admissible to add to, vary, or contradict the terms of a written contract, except upon proper allegations of fraud, accident, or mistake.

**2. Appeal and Error—Harmless Error.**

Where the right of the plaintiff to recover upon the undisputed facts is so apparent that the errors assigned, if sustained, could not have resulted in a miscarriage of justice, the judgment will be affirmed.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Miller Hunter Company against A. H. Purdy and A. J. Combs. Judgment for plaintiffs. Defendants bring error. Affirmed.

Cheatham & Beaver, for plaintiffs in error.

Fred M. Carter and C. M. Gordon, .for defendants in error:

Opinion by PINKHAM, C. The controversy in this action grows out of a cross-petition filed by defendants in error, Miller Hunter Company, against plaintiffs in error, A. H. Purdy and A. J. Combs, who were defendants in an action wherein Henry Hill sued the said A. H. Purdy and A. J. Combs and Miller Hunter · Company, in the district court of Creek county, for the cancellation of a tax deed and possession of certain land in which said action a judgment was rendered in said court in favor of the plaintiff Henry Hill, and against each of said defendants canceling the tax deed and restoring the possession of the land involved to the said Henry Hill.

On March 22, 1921, the case was tried upon the issues presented by petition of the original plaintiff, Henry Hill, and the answers thereto of plaintiffs in error and defendants in error, and after hearing the evidence the court held that the title under which Purdy and Combs claimed was illegal, and title to the land was quieted in plaintiff, Henry Hill, the tax title under which Purdy and Combs claimed, and the oil and gas lease from them to these defendants in error, Miller Hunter Company, was canceled, set aside, and held for naught.

No appeal was taken from that judgment, so that the only question left for adjudication in the case was the question of whether these defendants in error, Miller Hunter Company, were entitled to recover of plaintiffs in error, under their cross-petition, the purchase money paid for the oil and gas lease in the sum of $1,000, with interest thereon, and $160 attorneys' fees.

. The answer to this cross-petition on the part of the said Purdy and Combs admits the execution of the lease, the payment of the $1,000, and also admits "that said oil and gas lease contained a warranty of title by these defendants", and then alleges that it was understood and agreed between plaintiffs in error and these defendants in error that these defendants in error took the lease subject to the validity of the tax title of plaintiffs in error; that these defendants in error would not hold plaintiffs in error responsible for said title, and further alleges that said oil and gas lease should be reformed and these defendants should be relieved from liability under said warranty, and that the lease should be so reformed as to exclude therefrom said warranty of title.

On the 23rd of March, 1921, plaintiffs in error, Purdy and Combs, filed a motion for a new trial. On the 2nd day of June,

1921, a judgment was rendered in favor of Miller Hunter Company upon their cross-petition against the plaintiffs in error, Purdy and Combs. On the 4th day of June, a motion for new trial in said action upon the judgment of June 2, 1921, was filed. On November 3, 1921, the said motion for new trial was granted. .

On December 5, 1921, Miller Hunter Company filed a petition to vacate order granting new trial.

On the 10th day of February, 1921, the trial court made an order finding the allegations as set forth in the petition of Miller Hunter Company, to vacate the order of November 3, 1921, to be true, and further found that said order granting a new trial should be vacated, and therefore pronounced judgment vacating said order, and ordering, adjudging and decreeing that the original judgment of June 2, 1921, in favor of Miller Hunter Company against Purdy and Combs be and remain in full force and effect, and in the same plight and condition as if the order of the court pronounced herein on November 3, 1921, granting said Purdy and Combs a new trial had been an order of that date, overruling and denying the motion for new trial. Exceptions were saved and the cause is here on appeal from the last mentioned judgment of the trial court.

The errors assigned are, first, that said judgment of February 10, 1923, was contrary to law, and was not supported by any testimony as to the amount due from the plaintiffs in error to the defendants in error; second, that said journal entry and judgment of February 10, 1923, was contrary to law in that the district court of Creek county, Okla., was without power and jurisdiction to set aside the judgment of said court of November 3, 1921, by which a new trial was granted upon the judgment of June 2, 1921; third, said order and judgment of February 10, 1923, was contrary to law in that the said court was without power and jurisdiction to reinstate said judgment of June 2, 1921, in favor of Miller Hunter Company against these plaintiffs in error.

It is contended by counsel for plaintiffs in error that when the trial court has granted a new trial and vacated a judgment upon motion therefor, thereafter the order granting a new trial is conclusive and binding, and will not be disturbed except by a direct proceeding had for that purpose, that is, by exception and appeal; and further that the court would be without jurisdiction to entertain a motion to set aside the order by which a new trial was grant-

ed, but could only, upon proper showing, correct the order granting a new trial, so as to make the same speak the truth.

We do not question the soundness of this contention as a general proposition, and the cases cited to the effect that a judgment or order once regularly entered can be reviewed and set aside only in the modes prescribed by statute. Holtum v. Grief (Cal.) 78 Pac. 11.

The facts of this case, however, are of such a character that the cases cited are not applicable. The judgment of the lower court canceling the title of plaintiffs in error and the oil and gas lease of defendants in error was pronounced March 22, 1921, and on the following day plaintiffs in error filed their motion for a new trial.

The record discloses that on May 16, 1921, that motion for new trial was stricken from the files, because the suit had been settled as between, the original plaintiff, Henry Hill, and the defendants in that case, Purdy and Combs. There is evidence in the record that on that date, May 16, 1921, the plaintiff, Hill, paid the plaintiffs in error the amount of taxes and interest due them, and that an order was entered in the minutes kept by the court clerk as follows:

"No. 8259, Henry Hill v. A. H. Purdy et al. Motion for new trial stricken from the files, suit settled."

It further appears that the court granted the motion for new trial on November 3, 1921, for the reason that it was not at that time aware that the order of May 16, 1921, had been made striking that motion for new trial because the case between the original plaintiff and Purdy and Combs had been settled. On December 6, 1921, the Miller Hunter Company, defendants in error, filed their petition to vacate that order of November 3, 1921. This petition sets out in detail all the proceedings, orders, and judgments theretofore had in the case, and recited that the order of May 16, 1921, striking the motion of Purdy and Combs for new trial was done in the presence of counsel for Purdy and Combs, but not in the presence of these defendants or their counsel.

After hearing all the evidence and argument of counsel the court pronounced the judgment from which this appeal is taken; that judgment, among other things, recites:

"Thereupon the court heard both the oral and documentary, or record evidence offered by both the parties, and after hearing all of the evidence introduced and the argument of counsel and being fully advised in the premises, the court finds that the statements and allegations set forth in

the petition of Miller Hunter Company filed herein on the _____day of December, 1921, to vacate said order of the court of November 3, 1921, are true and the court further finds that the said motion to vacate said judgment should be granted."

The record discloses that the plaintiffs in error appeared at the trial of the case upon this petition to set aside the former order of the court, introduced evidence, and participated in the trial had on the 10th day of February, 1921. The record shows that counsel for plaintiffs in error cross-examined the witness of defendants in error, made objections to certain testimony, and that one of the attorneys for plaintiffs in error was sworn and testified as a witness on behalf of plaintiffs in error upon the allegations of that petition, and that no objection to the jurisdiction of the court below was made upon any ground, nor was the sufficiency of the petition of defendants in error to vacate questioned.

It was under such a state of facts that the trial court on February 10, 1923, found that the petition to vacate said judgment should be granted.

"An alleged error of the trial court complained of for the first time in the appellate court will not be considered therein." Wichita Falls & N. W. Ry. Co. v. Puckett, 53 Okla. 463, 157 Pac. 112.

Furthermore, it is clear that if this case should be reversed and remanded to the lower court for a new trial, the only judgment the lower court could pronounce would be a judgment for the defendants in error against the plaintiffs in error, for the reason that the answer of plaintiffs in error to the cross-petition of defendants in error does not state any defense and admits every material allegation in the cross-petition of defendants in error. The only question presented in plaintiffs in error's answer is whether or not they could introduce parol evidence to contradict the provisions of that part of the oil and gas lease warranting the title, in the absence of any proper allegations in the answer that plaintiffs in error were induced either by fraud, accident, or mutual mistake to execute the lease containing the warranty. The allegation of the answer is that they had a verbal agreement with the defendants in error to the effect that if the title should fail they would not be held liable under their warranty.

"Where the right of the plaintiff to recover upon the undisputed facts is so apparent that the errors assigned, if sustained, could not have resulted in a miscarriage of justice, the judgment will be affirmed." Smith v. Sutton, 67 Okla. 191, 169 Pac. 886.

In the case of Garber et al. v. Hauser et al., 76 Okla. 292, 185 Pac. 436, the first paragraph of the syllabus is as follows:

"Parol evidence is not admissible to add to, vary or contradict the terms of a written contract, except upon proper allegations of fraud, accident or mistake."

"Where an assignment in writing of certain oil and gas leases appears to contain the final agreement of the parties all previous representations and negotiations are merged therein, and thereafter, in the absence of fraud, the rights and liabilities of the parties must be determined by the writing." Moore v. White, 75 Okla. 171, 182 Pac. 684.

After a careful examination of the entire record, we are of the opinion that the trial court committed no substantial error that would justify a reversal, and for the reasons stated, we think that the judgment should be affirmed.

On appeal to this court from a judgment of the district court of Creek county, supersedeas bond was filed, executed by the plaintiffs in error, A. H. Purdy and A. J. Combs, as principals, and W. W. Groom and O. D. Groom as sureties, to stay execution of said judgment; Miller Hunter Company, defendants in error, have asked this court in their brief to render a judgment against the bondsmen of the plaintiffs in error, as well as the plaintiffs in error. The judgment of the trial court was rendered on the 10th day of February, 1923, in the sum of $1,295.71, and the costs of the action, and judgment therefore will be entered in this court against the plaintiffs in error and the sureties on said appeal bond in the sum of $1,259.71 and for costs of the action, for which execution may issue.

By the Court: It is so ordered.