LAMBERT v. RAINBOLT et al.

No. 35043.   Nov. 18, 1952.

*250 P. 2d 459.*

Carder & Carder, Hobart, and J. -T. Bailey, Cordell, for plaintiff in error.

Edwards & Edwards and Jones & Wesner, Cordell, for defendants in error.

PER CURIAM. Plaintiff in error (plaintiff below and so referred to hereafter) filed her petition on June 5, 1950, against defendants in error (hereafter referred to as defendants).

She alleged that "she is and was on June 5, 1950, the occupant of" lot 20, in block 39, city of New Cordell, Oklahoma, in Washita county. Plaintiff pleaded no title or ownership and she claimed no title in the court below, and claims none here. Her only claim is that of an "occupant". She alleges that on said date the defendants entered upon said premises occupied by plaintiff and forcibly, maliciously and willfully, and after having been expressly forbidden to do so by plaintiff, dug holes and erected posts on said premises forcibly, maliciously and oppressively over plaintiff's protest. She alleges $25 actual damages, and prays for damages in the amount of $25, and punitive damages in the amount of $2500. After filing a motion to make more definite and certain, and later a demurrer (the record fails to show the disposition of these pleadings), defendants filed a joint answer and cross-petition containing a general denial; specifically denying any occupancy or possession by plaintiff of the premises in question, and alleging that the defendants (both of them) were "the owners" of the property in question by virtue of a resale tax deed, a quitclaim deed from the resale tax deed purchaser, a county commissioner's deed, and a special master's deed, issued out of the United States District Court for the Western District of Oklahoma, in an action to foreclose certain paving tax assessments. The quitclaim deed, the county commissioner's deed and the special master's deed, each, named Glenn L. English as the grantee. The defendants allege that plaintiff is claiming some right, title or interest, the exact nature of which is unknown to defendants, and allege that plaintiff has no such right, title or interest, and ask that their title and possession be quieted and confirmed as against plaintiff, and for other relief.

Plaintiff demurred to defendants' cross-petition on the grounds that the same stated no cause of action against plaintiff, and on the further ground that the cross-petition is not germane to the cause of action set out in plaintiff's petition. This demurrer was overruled and plaintiff answered the cross-petition by denying "every material allegation contained in said cross-petition that in any way contradicts the

allegations of plaintiff's petition," and further answered that the resale tax deed and county commissioner's deed are void, and that the special master's deed is void against the plaintiff, for the reason that the parties in possession at the time the action, upon which the master's deed is founded, were not made parties to such action, nor was the plaintiff a party to said action. Defendants replied, denying generally all new matter.

Upon the trial of the issues as so framed, plaintiff's evidence, taken in its most favorable light to the plaintiff and disregarding the evidence unfavorable to plaintiff, was probably sufficient to prove:

That plaintiff purchased lot 19, in block 39, in New Cordell, in 1945, and moved into the residence thereon (the premises in question, lot 20, adjoined lot 19). Plaintiff thought lot 20 was included in the property she bought. Plaintiff learned in 1946, or 1947, that Glenn English claimed to own lot 20, but plaintiff thought she had just as much right as Glenn English. Plaintiff saw Mr. Rainbolt and Glenn English on lot 20 on the morning of June 5, 1950, and ordered them to leave. Later that afternoon, she saw them putting up posts on lot 20, and again ordered them off. Plaintiff took Mr. Rainbolt by the arm and "pushed him off", but the defendants, Rainbolt and English, and other persons with them, proceeded with erecting the posts which were still in place at the time of the trial. When plaintiff went into possession of lot 19, there was no visible demarcation between lots 19 and 20, and plaintiff did not know how wide her lot was. Plaintiff and her predecessors in title to lot 19, used the driveway across lot 20 and kept the grass and weeds mowed. She hauled two or three loads of dirt and filled a ditch on lot 20 and set out grass each spring. She had rock and shale placed on the driveway running on the east side of lot 20, and marked the driveway off from the grass portion with two or three big rocks to keep the traffic off the grass. Plaintiff spent $53.43 for chat and shale for the driveway. Evidence showed it would cost $5 to remove the posts and resod the post holes with grass.

At the conclusion of plaintiff's evidence, the court sustained the defendants' demurrer to plaintiff's evidence and rendered judgment for defendant on plaintiff's petition, and entered judgment for the defendants on their cross-petition, quieting title against plaintiff. The defendants offered no evidence. Motion for new trial was timely filed and overruled. Plaintiff assigns as error: (1) the overruling of plaintiff's demurrer to defendants' cross-petition; (2) sustaining of defendants' demurrer to plaintiff's evidence; (3) error in rendering judgment against plaintiff; and (4) error in rendering judgment for defendants on their cross-petition.

For the purpose of passing upon a demurrer to the evidence, plaintiff's proof of occupancy and possession appears to be sufficient to make out a case against anyone, except the rightful owner. See 52 Am. Jur., Trespass, §26, and 63 C. J., Trespass, §28. In City of Oklahoma City v. Hill, 6 Okla. 114, 50 P. 242, this court quoted, with approval, the following language from Reed v. Price, 30 Mo. 442:

"But if the plaintiff prove possession, merely, that will suffice, if the defendant cannot show a superior right in himself or another under whom he can justify. It is true, the plaintiff must prove such a lawful possession as the defendant had no right to disturb, but any possession is a legal possession against a wrongdoer."

Under the pleadings, the plaintiff claimed no title, only occupancy, and the law seems to be established that ownership, together with a right of possession, is a defense to liability for trespass. See 52 Am. Jur., Trespass, §38. In Kunkel v. Utah Lumber Co., 29 Utah 13, 81 P. 897, at page 899, the Utah Supreme Court said:

"That one in actual possession under color and claim of title, unsupported by evidence of other title, has the right to maintain an action for trespass against all persons, except the true owner, is held by abundant authorities."

Plaintiff cites cases from Michigan, Iowa, Colorado and Alabama, which apparently hold, contrary to the general rule, that ownership is not a defense to an action in trespass by one in possession. In each of these jurisdictions, except possibly Michigan, the cases cited appear to have been decided upon the basis of the particular facts involved, and the cases cited do not appear to have been generally followed in later cases in these jurisdictions. Speaking of Smith v. Schlink, 6 Colo. App. 228, 40 P. 478, cited by plaintiff, the Colorado Supreme Court said, in Rudolph v. Thompson, 66 Colo. 98, 179 P. 151:

"A superior right of possession is and always has been, and in the nature of things must be, a defense in an action of trespass quare clausum fregit. It is not clear what Thompson, J., meant by his remarks in Smith v. Schlink, but he could not have meant that a better title was not a good defense in trespass."

It thus appears that at the conclusion of plaintiff's evidence, the court had before it proof that could sustain a right of action by plaintiff against anyone except the lawful owner having a superior title and right of possession. It had before it for consideration the defendants' answer and cross-petition denying plaintiff's possession and right to possession, and setting up apparent record title in the defendants, together with the plaintiff's unverified reply to said answer and answer to cross-petition, generally denying all allegations inconsistent with her petition, and alleging that the tax deed and county commissioner's deed pleaded by defendants, were void, and that the master's deed relied upon was irregular and not binding upon plaintiff. Plaintiff ordered no proof to show invalidity or irregularity in the defendants' title, and since the deeds relied upon by defendants were not void on their face (and plaintiff did not so contend in the trial court, and does not so contend here), the title and the rights purportedly conveyed by the deeds pleaded by defendants were admitted, and it was the duty of the court to determine the status of the pleadings and consider the evidence of plaintiff in a light most favorable to her, prior to passing upon the demurrer to the evidence. In Potts v. First National Bank of Durant, 143 Okla. 140, 287 P. 1003, this court said:

"In Yale Theatre Co. v. Majors & Scheer, 123 Okla. 124, 251 P. 1019, 1020, it was said: 'It is a general rule of long standing in this court that a demurrer to the evidence searches the record to determine the status of the pleadings whether or not a cause of action has been stated and the nature of the defense, if any, and upon whom is cast the burden of proof as well as the sufficiency of the evidence contested by the demurrer.' "

In view of plaintiff's evidence and the state of the pleadings, the trial court properly sustained defendants' demurrer to the evidence under the above-cited authorities.

Plaintiff, however, bases her right to recovery upon the provisions of 21 O.S. 1951 §1835, which provides that:

"Whoever shall willfully or maliciously enter the * * * garden, yard, enclosed field or pecan grove of another after being expressly forbidden to do so by the owner or occupant thereof, shall be guilty of trespass and upon conviction thereof, shall be fined in any sum not to exceed $25.00 * * *."

The above statute has not been construed by this court, but plaintiff also calls attention to 21 O. S. 1951 §1351, which is as follows:

"Every person guilty of using or procuring, encouraging or assisting another to use any force, or violence in entering upon or detaining any lands or other possessions of another, except in the cases and manner allowed by the law, is guilty of a misdemeanor."

In a criminal case, Foust v. Territory, 8 Okla. 541, 58 P. 728, relied upon by plaintiff, the appeal challenged the sufficiency of an information against the defendant for forcible entry brought under the above statute. The information charged, "that the defendant, by force and violence, assisted one John Walburn to forcibly and violently enter upon, into, and tear down a dwelling house then and there in the lawful, peaceful, and actual possession, occupancy and control of said David B. Ellington." In holding the information sufficient, the court said:

"This charge was specific, definite, and certain, and embraced every material element of the offense. It was immaterial, under this charge, who the owner of the land was. If the defendant was the owner, he was just as much prohibited from forcibly and violently entering the same while it was in the lawful, peaceful, and actual possession of Ellington, as would have been any stranger."

Plaintiff asserts that if occupancy without ownership is sufficient to base a prosecution for criminal trespass, it is certainly sufficient upon which to predicate a civil action for trespass. In that case, the peaceable and lawful possession of Ellington was admitted. Here, by plaintiff's own evidence, the occupancy of plaintiff was admittedly not lawful. The title of defendants was admittedly good. Plaintiff's evidence showed she merely intruded upon lot 20 without license or authority of the owners. Such possession as she had was contrary to statute and unlawful. 21 O. S. 1951 §1353.

Criminal statutes, such as 21 O. S. 1835, supra, are penal in their nature and have generally been strictly construed. See note in 146 A. L. R., at page 656. In Mathews v. State, 81 Ala. 66, 1 So. 43, the court said, speaking of a similar statute:

"The intent is to secure more effectual protection of the possession of real estate against *trespassers* than was furnished by civil actions. To this end the statute converts into a criminal offense, when the entry is after warning, what was a private injury at common law, only redressable by a civil action."

It thus appears that the statute was not intended to provide a civil remedy where none existed before. Further, this statute was not intended to protect the unlawful possession of intruders against owners having an admittedly superior title and right. We do not intend to hold that any tax title holder or other record title claimant can forcibly enter lands in the lawful and peaceable possession of another, nor that entry by force is justified to resolve disputes. But here, the plaintiff showed only occupancy in violation of law and without right from anyone.

It is further urged by plaintiff that even though the demurrer to the evidence could have been properly sustained upon the theory that defendants were the rightful owners of the property, there is nothing in plaintiff's evidence, or in the pleadings, to show that the defendant, Rainbolt, had any interest in the property; that although the averments in the answer alleged title in both defendants, the exhibits attached to the answer show title in English alone, and that Rainbolt is a stranger to the title. The evidence of plaintiff, however, showed that Rainbolt was never present on the premises, except when accompanied by English. This evidence, in view of the defendants' joint answer and cross-petition stating that the deeds all named English as grantee, and further alleging that "they are the owners" of title to the property, could lead the court to no reasonable conclusion but that Rainbolt was a co-owner with English, or was acting as his agent or servant in performing the acts complained of.

We have thoroughly considered all of the propositions urged by plaintiff and the authorities relied upon, and conclude that the trial court properly sustained the defendants' demurrer to the plaintiff's evidence.

The plaintiff contends that the trial court erred in entering judgment in favor of the defendants on their cross-petition, because the same was not germane to the issues. Since the showing of title in defendants, however, is a valid defense to plaintiff's action, the question of title to the property was properly in the case. This has long been the law.

"A man may also justify in an action of trespass, on account of the freehold and right of entry being in himself; and this defense brings the title of the estate in question. This is, therefore, one of - the ways, devised, since the disuse of real actions, to try the property of estates * * *." Cooley's Blackstone (3rd Ed.) vol. II, p. 213.

The question of the title to the land had to be decided in order to determine the right of the plaintiff to recover, and the decision on the questions raised in the cross-petition was necessarily and properly involved in the complete determination of the controversy between plaintiff and defendant. The cross-petition was proper under the provisions of 12 O. S. 1951 §273. Banks v. City of Ardmore, 188 Okla. 611, 112 P. 2d 372.

Plaintiff further asserts that the cross-petition states no cause of action and that the court erred in overruling its demurrer thereto, because it does not specifically allege possession in the defendants. We believe that a liberal construction of the defendants' answer and cross-petition, in view of the allegations contained in plaintiff's petition, is sufficient to withstand demurrer. It is not controverted that the defendants have title which is good as against the plaintiff. The journal entry of judgment of the trial court recites that "the defendants herein, under the pleadings and admissions and evidence herein, are entitled to the judgment of the court, quieting said defendants' title against the plaintiff in and to the real estate involved herein." Plaintiff cites no authorities in support of this contention, and since it appears that upon the admitted facts the defendants' right

to prevail against the plaintiff is apparent, the error, if any existed, could not prejudice any rights of plaintiff, and the trial court's judgment should be affirmed. Purdy v. Miller Hunter Co., 94 Okla. 209, 221 P. 490.

The judgment of the trial court appealed from is affirmed.

This court acknowledges the services of Attorneys Philip R. Wimbish, Marvin T. Johnson, and A. J. Kriete, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V.C.J., and CORN, GIBSON, JOHNSON, and BINGAMAN, JJ., concur. O'NEAL, J., concurs in result.