Charles Wilbur **FARMER II**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17868.

Court of Criminal Appeals of Oklahoma.

April 4, 1973.

Harry A. Lentz, Jr., Tulsa, for appellant.

Tom H. Bruner, Asst. City Prosecutor, Tulsa, for appellee.

## OPINION

BRETT, Judge:

Appellant, Charles Wilbur Farmer II, hereinafter referred to as defendant, was charged, tried, and convicted in the Municipal Court of the City of Tulsa, Case Nos. 141260 and 141506, for the crime of Illegal Presence on School Property. The cases were consolidated for trial and resulted in a fine of $25.00 plus court costs and $50.00 plus court costs, respectively. Defendant has perfected this appeal only from the fine assessed in Case Number 141506.

Briefly stated, the facts reflect that defendant was a student at the Metro Learning Center in Tulsa and attended class there from 8:00 to 11:00 a.m. Defendant was taking one additional class at Will Rogers High School which required his presence there from 12:45 to 1:45 p.m.

Although the reasons do not appear from the record, the vice-principal at Will Rogers High School informed the defendant not to be on the school campus until time for his afternoon class. It appears that the defendant came onto campus early on the morning of February 22, 1972, and was told to leave and not come back until class time. He again appeared on campus later the same day, approximately one and a half hours before his class and was placed under arrest in accordance with the vice-principal's orders. Defendant subsequently withdrew from Will Rogers High School and became a full time student at Washington High School.

On February 28, 1972, the defendant was again arrested, due to a complaint having been filed against him by the vice-principal of Will Rogers High School. The following testimony was given:

"Q. And after his withdrawing on either the 23rd or 24th of February, when did you next see Mr. Farmer?

"A. I believe it was the 28th of February.

"Q. And where did you see him?

"A. I saw him on the north parking lot.

"Q. Did you have a conversation with Mr. Farmer at that time?

"A. Yes, I did.

"Q. What was the conversation?

"A. I told him that he was trespassing, that he was requested previously not to be back on the school grounds unless he made arrangements with one of the administrators, that he was no longer a student there, and *after that short conversation I had Mr. Bates hold this young man until I could arrange for a police officer to pick him up.*"

Defendant asserts two propositions of error, only one of which we need examine here. Defendant's second assignment of error claims that the evidence failed to establish that a request was made of defendant to remove himself from school property, said request to leave being a requirement of the ordinance in question.

The ordinance here in issue is in Title 27, Section 87 of the Penal Code of the City of Tulsa. The relevant part is as follows:

"It shall be and is hereby declared unlawful for any person to remain upon any properties owned by * * * the Public School System of the City of Tulsa, * * * *after any such person has been requested to leave and vacate said school premises.*" (Emphasis added)

The transcript indicates that the defendant was warned on the 22nd of February, 1972, that he was not to be on the school property, except immediately before his 12:45 p.m. class. It is the validity of the second arrest, on the 28th of February that is in issue here.

 It has been held in Oklahoma that statutes relating to trespassing are penal in nature and must therefore be strictly construed. Lambert v. Rainbolt, 207 Okl. 451, 250 P.2d 459 (1952). Also, to be strictly construed are ordinances which are penal in nature. Ex Parte Westellison, 38 Okl.Cr. 207, 259 P. 873 (1927).

 Title 27, Section 87 of Tulsa's Penal Code contains no reference or mention as to the time of commission of the trespass as an element of the offense. Hence, it can be seen that the ordinance, when strictly construed, requires that a request to leave must be made on every occasion that an official wishes some person to remove himself from school property. Implicit in the "request to leave" requirement, a fortiori, is the opportunity to comply with said request.

 We find two valid reasons for holding that the defendant was not a trespasser on February 28th, the time of his second arrest. First, the defendant was warned on the 22nd of February that he was not to be on the school grounds, except immediately prior to class. On that date, the warning was given defendant while he maintained the status of a student. His subsequent withdrawal from the school changed that status to a member of the general public. Hence, even assuming that the prior warning was continuing, and we do *not* so hold, it would only be so in relation to defendant's status as then given. Had defendant still been a student on the 28th of February and had the ordinance in question contained "time" as an element of the offense, *then* defendant's presence would have been a trespass ab initio. Such plainly was not the case. Second, defendant's appearance on the school property on the 28th was in his new status as a member of the general public. Consequently, defendant was entitled to a new warning and request to leave before he could be held as a trespasser. Since his status had changed, he was not a trespasser until the proper condition precedent had been established, i.e. a new admonition to leave relative to his new status. The record indicates that the vice-principal was aware of defendant's change in status and should have, if he felt defendant was trespassing, given him a warning to leave and an opportunity to comply with such warning.

Since the defendant was arrested on February 28, 1972, without having been either requested to leave or given the opportunity to do so, we hold that his arrest was

therefore invalid. Defendant's demurrer and motions to dismiss should have been granted.

In view of the foregoing, we are of the opinion that the judgment and sentence appealed from in Case Number 141506 should be, and the same is hereby, reversed and remanded with instructions to dismiss.

BLISS, P. J., and BUSSEY, J., concur.