Jackie Denise **KLINKER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–87–171.

Court of Criminal Appeals of Oklahoma.

Feb. 19, 1992.

Concurring Opinion by Justice Lumpkin March 3, 1992.

---

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., A. Diane Hammonds, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, Jackie Denise Klinker, was charged with Forcible Entry and Detainer, in violation of 21 O.S.1981, § 1351, and Assault and Battery, in violation of 21 O.S. 1981, § 644, in Case No. CRM–86–116, in the District Court of Kay County. A jury convicted appellant of Forcible Entry and Detainer, but acquitted her of Assault and Battery. The jury set punishment at six (6) months imprisonment and a one hundred dollar ($100) fine, which the trial court imposed. From this Judgment and Sentence, appellant has perfected her appeal to this Court.

On the afternoon of February 27, 1986, appellant and her daughter went to the home of Sherri Coutre to collect some personal items, such as some tapes and appellant's wedding ring. Ms. Coutre gave appellant the tapes, however the ring could not be located. Ms. Coutre told her that she would look for it and send it to appellant later, which she did. Upset about this, appellant, according to Ms. Coutre, yanked open the locked screen door and kicked in the front door and entered the house. A struggle ensued on the front porch between the two women and was finally broken up by a police officer who happened to be passing by at the time of the fight.

In her first proposition of error, appellant contends that the trial court erred by not allowing a defense witness to testify as to the truthfulness or veracity of the State's main witness, Ms. Coutre. The trial court sustained the State's objection to the testimony because the character of the State's witness had not yet be attacked as required by 12 O.S.1981, § 2608(A)(2). Appellant argues that this testimony is admissible under section 2608(A)(1) and therefore the character of the State's witness did not need to be attacked. We agree that the ruling by the trial court was erroneous and therefore reverse this case for a new trial.

The Oklahoma and Federal rules of evidence allow the credibility of a witness to be impeached by reputation and opinion evidence of his character for untruthfulness. However, in order to introduce evidence of a truthfulness, the witness' character must first be attacked. In the case at bar, appellant's witness was asked her opinion as to the truthfulness or veracity of the main State witness, as permitted by 12 O.S.1981, § 2608(A)(1). The trial court sustained the State's objection to the question on the grounds that the character of the State's witness had not yet been attacked. This ruling was clearly erroneous. By introducing this evidence appellant was attempting to attack that witness' character. At that point, in rebuttal, the State would have been allowed to present evidence that the witness was truthful. Although this is a case of first impression out of this Court, we find that the trial court clearly erred in sustaining the State's objection.

The State contends that if we find this to be error, that it is harmless. We disagree. The testimony of the witness, Sherri Coutre, was the case against appellant. Her credibility was crucial. It is reasonable that the result may have been different if this evidence was presented to the jury, especially since they acquitted appellant of the assault and battery charge. See U.S. v. Watson 669 F.2d 1374 (11th Cir.1982); U.S. v. Davis, 639 F.2d 239 (5th Cir.1981).

Since we find it necessary to reverse this case for a new trial, we will not address appellant's final proposition. For the foregoing reasons, the judgment and sentence is REVERSED and REMANDED FOR A NEW TRIAL.

LANE, P.J., and PARKS and JOHNSON, JJ., concur.

LUMPKIN, V.P.J., concurs in result.

LUMPKIN, Vice–Presiding Judge, concurring in result.

I concur in the results reached by the Court, however, I do not agree that this is a case of first impression. In addition, there is some question as to whether the question to witness Sandra Gatz was asked in the proper format to raise the issue presented. The question did not ask if the witness had knowledge as to Ms. Gatz's reputation or character for truthfulness or untruthfulness. In fact, the question was asked in a manner which seemed to request an opinion regarding whether the witness was telling the truth in this trial. If so, the question was not proper and the objection should have been sustained for reasons different than enunciated by the trial judge.

The real issue presented is whether Appellant could have been convicted of the crime set forth in 21 O.S.1981, § 1351. The language of the statute provides:

> Every person guilty of using or procuring, encouraging or assisting another to use any force, or violence in entering upon or detaining any lands or other possessions of another except in the cases and manner allowed by law, is guilty of a misdemeanor. (emphasis added)

A literal reading of the statute reveals the legislative drafters by utilizing the comma after "using or procuring" rather than "or" enacted a penal provision which prohibited a person from either getting someone else to enter upon lands or possessions of another with force or violence, or to assist another person in committing the entry. The only reported case interpreting this statute is consistent with this application. See *Foust v. Territory,* 8 Okl. 541, 58

P. 728 (1899). In *Foust* the Court stated "[t]he information is this case specifically averred that the defendant, by force and violence, assisted one John Walburn to forcibly and violently enter upon, into, and tear down a dwelling house then and there in the lawful, peaceful, and actual possession, occupancy, and control of said David B. Ellington". Id. 58 P. at 730. The Court in analyzing the charge went further and determined "[h]ence, the defendant was charged with assisting to enter the possession of another". Id. While the main thrust of the opinion dealt with an interpretation of possessory interest which was protected by the statute, rather than who could be charged, it does provide insight as to persons who are subject to prosecution under its provisions. This interpretation is also consistent with our decision in *Rowland v. State,* 817 P.2d 263, 266–267 (Okl. Cr.1991). Therefore, it appears the case should either be remanded with instructions to dismiss, or if another offense has been committed, remanded in accordance with the provisions of 22 O.S.1981, § 1067.