# WILLIAM TURMAN v. STATE.

No. A-10064.   Dec. 16, 1942.
(132 P. 2d 347.)

W. P. Morrison, Jr., of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, William Turman, was charged by information in the district court of Oklahoma county with the crime of attempted burglary in the second degree, after a former conviction of a felony, was tried, convicted and sentenced to serve five years in the State Penitentiary, and has appealed.

It is first contended that the evidence was insufficient to show an attempted burglary; and secondly, that if the evidence was sufficient to connect the defendant with breaking into the building, it was also sufficient to prove an entering, and, therefore, the defendant being charged only with the crime of "attempt", there was a fatal variance between the information and the proof.

Arthur Williams testified for the state that he worked all night at a cafe across the street from the Brown Dry Goods Store; that on October 3, 1940, about 1 or 2 a. m., he heard a crash across the street at the Brown store; that he ran to the door of the cafe and watched for a few minutes and saw a man come from the alley by Reno street and walk up to the entrance of the Brown store building and knock some pieces of glass loose. That the person who broke the glass then walked back over by a telephone pole near the alley and stood there for a minute or two and then walked back towards the door which had been broken. That about that time two policemen drove up in a car and threw a spotlight on the defendant and arrested him after a tussle. He went out to the car where the officers had the defendant. Witness identified defendant as being the man whom he had seen at the store building.

The police officers told of the arrest of the defendant and one of them testified that he found a large piece of glass near the alley where the defendant had been seen standing by the witness Williams, which fit in the door of the building. This glass was taken to the fingerprint department for examination, and the fingerprint experts testified that they found the fingerprints of the defendant appearing upon this glass.

G. R. Brown testified that he was the owner of the dry goods store located in the building across the street from Earnest's Cafe. That he had closed his door and locked it at the close of business on October 3, 1940. That the night of October 3rd he was called by the police department and came to his store and found the plate glass in the front door had been broken. That this happened in Oklahoma county and was done without his permission or knowledge.

The prior conviction of the defendant of the crime of grand larceny, after a former conviction of a felony, was proved by competent evidence and no question is raised concerning this undisputed record.

At the conclusion of the evidence of the state, the defendant rested without offering any evidence in his behalf.

The first two propositions presented by defendant above set forth are wholly inconsistent. We think the evidence is sufficient to show an attempted burglary. The breaking of the plate glass window and removal of the glass by a second trip to the door, after the defendant had waited a few minutes to see that the coast was clear, was a sufficient circumstance to show an attempted burglary. If the defendant had gone one step further and entered the building, he would have fully completed the crime of burglary, but to follow the reasoning of defend-

ant's counsel that defendant could not have committed the attempt without also entering the building during the breaking of the window and thus fully completing the act of burglary, is contrary to the testimony. It is true that we have a statute, 1821, O. S. 1931, 21 O. S. 1941 § 41, which provides:

"No person can be convicted of an attempt to commit a crime when it appears that the crime intended or attempted was perpetrated by such person in pursuance of such attempt."

The breaking and removal of the plate glass window was an overt act and strong circumstance showing an intent to burglarize. It is apparent that only the immediate discovery of the defendant by the officers is all that prevented his entering and effecting a burglary of the store, but there is no testimony that defendant at any time committed any act which could be called an entry.

Whether defendant had an intent to commit the crime of burglary may be established by circumstantial evidence and such intent was a question properly to be determined by the jury from all of the facts and circumstances in the case. This issue was presented by proper instruction to the jury and we approve their verdict.

Lastly, it is contended that the punishment assessed the defendant was excessive and should be modified.

The defendant had just been released from the reformatory at Granite where he had served a term of 15 months for grand larceny. In determining whether any punishment assessed the defendant is excessive, it should be borne in mind that the question addressed to this court is not one of clemency but whether the law demands that the punishment be modified under the record presented to us.

In the recent case of Moore v. State, 75 Okla. Cr. 222, 130 P. 2d 114, it is stated:

"Power of Criminal Court of Appeals, on appeal, to reverse, affirm or modify judgment must be within limits of punishment fixed by statute for offense for which accused was convicted, and must be the exercise of a judicial power, as distinguished from the executive power of commutation, reprieve, pardon or parole."

After examining this record, we can find no evidence from which this court could say that justice demands that the punishment assessed by the jury be modified.

The judgment of the district court of Oklahoma county is accordingly affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., concurs in conclusion.