Ray Dell WILSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13478.

Court of Criminal Appeals of Oklahoma.

June 16, 1965.

W. C. Henneberry, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Ray Dell Wilson, hereinafter referred to as defendant, was charged in the district court of Tulsa County, Oklahoma, with the crime of burglary in the second degree, after former conviction of a felony. The jury found the defendant guilty, and the court sentenced him to twenty years in the State Penitentiary. Appeal has been perfected to this Court.

The facts, briefly stated, are: On August 3, 1963 at 7:56 P.M. the control board in the Reliance Alarm Agency in Tulsa Oklahoma indicated that there was some disturbance at the Ford Distributing Company, in Tulsa. The agency service man notified the police department, which immediately dispatched police cars to the location of the company. One police car was within two blocks of the company, and reached it in a matter of seconds. The policeman observed three men leaving the building through a back door off the loading dock, which was used to slide beer barrels and cases into the distributing company cold room. The defendant attempted to hide behind some loading sleds, but was apprehended by the policeman. The other two men observed leaving the building escaped without being caught. Later, a loaded pistol was found where the defendant was attempting to hide.

It will not be necessary to discuss all the errors cited in the defendant's briefs, other than the two which affect the fundamental rights of the defendant. The other errors cited by the defendant were either waived by failure to offer timely objections, or were complaints concerning actions of the trial

court, which are soundly within the discretion of the court.

Defendant's assignment No. 9, which is the first one argued in his brief, is: "that the instruction given, attempting to define the term 'reasonable doubt', was error."

■ The instruction complained of is the stock form of instruction used in Tulsa County, and is one which has been criticized by this Court many times. It is error for the trial court to give an instruction to the jury which attempts to define the term "reasonable doubt." This Court stated in Wallace v. State, 96 Okl.Cr. 163, 250 P.2d 484, a case appealed from Creek County:

"This court has repeatedly condemned similar instructions attempting to define reasonable doubt."

In Moore v. State, 90 Okl.Cr. 415, 214 P. 2d 966, a case appealed from Tulsa County, Judge Powell stated:

"We are at a loss to understand why the trial court gave the instruction complained of [defining reasonable doubt] when such an instruction has been condemned in this jurisdiction from territorial days on to the present time."

The case of Boring v. State, Okl.Cr., 395 P.2d 344, involved the identical instruction complained of in the instant case. That case was affirmed, but Judge Nix dissented, and in his dissent said:

"The early decisions of this Court have held that it is better that the trial judge refrain from an attempt to define 'reasonable doubt'. The Court in recent decisions has failed to reverse convictions because of an instruction defining the term. However, in each instance the Court has vigorously criticized such an instruction. I prefer adherence to the ruling as laid down in Hammons v. State, 80 Okl.Cr. 33, 156 P.2d 379, wherein it is stated that to define reasonable doubt constitutes grounds for reversal. If the rule was worthy of being adopted by this Court, there should be no exceptions. Therefore, I cannot agree to relaxing the rule by saying it is harmless."

■ Had this case been one of close decision, the writer of this opinion would have readily adopted the rule set forth in the dissent of Judge Nix, in the Boring case, supra. However, in the case at hand, the guilt of the defendant was so clear and palpable from the evidence that no doubt could arise. (See Gransden v. State, 12 Okl.Cr. 417, 158 P. 157). The defendant failed to produce any evidence whatsoever to disprove the State's contention. Consequently, we are not in a position to state that this defendant's fundamental rights were jeopardized by this instruction.

■ We consider the statement found in 23A C.J.S. Criminal Law § 1268, p. 658, to be appropriate:

"It has been held that the phrase 'reasonable doubt' is self explanatory, that definitions thereof do not clarify its meaning but rather tend to confuse the jury, and that therefore instructions defining it are unnecessary and should not be given, particularly when no specific request is made therefor."

The defendant offers as his assignment No. 8, the contention that the defendant should have been permitted to submit his requested instruction for the jury to set the punishment. The State counters this contention with the objection that the defendant waived his right to offer the requested instruction by not timely submitting his request to the court.

The record reveals that when the court read the instructions to the jury on the second phase of the trial, the defendant immediately offered his objections to the court's instructions. The record shows the following to have taken place:

"Mr. Harris [attorney for defendant] May we approach the bench, Your Honor?

"The Court: Yes, sir.

"Mr. Harris: Your Honor, I want an exception to these instructions, in that I wanted to request of the court that if

the jury finds—it is mandatory upon the jury that they fix the punishment.

"The Court: I am afraid, Mr. Harris, your request comes too late, because there was no request made to the court, either orally or in writing, that the jury fix and determine the punishment. Unless demand is made, instructions pertaining to leaving it to the court are proper instructions.

"Mr. Harris: Exceptions, Your Honor, and just call your attention that I did not know these were the instructions I had not seen them and this is the first time I heard them in this regard and had I been advised that to be the situation, I certainly would have prepared a written or oral application.

"The Court: They were at all times available to defense counsel for inspection. Is there anything further?"

■ It is generally understood that the defense counsel must provide written instructions, which he requests the court to consider. They should be presented prior to the settlement of instructions to be given by the court. The record reveals that for the first part of the trial, on the burglary charge, the instructions were settled in the Judge's chambers, prior to their being read to the jury. However, the record fails to reveal that the defendant was provided, at any time, the opportunity to settle the instructions for the second part of the trial. The court should have inquired of the prosecutor and the defendant if they were ready to settle the instructions, prior to their being read to the jury. The case had not been submitted to the jury when the defendant offered his objections to the court's instructions, and made known his desire to request the jury to fix the punishment.

■ We are of the opinion that the court erred in not permitting the defendant to make his request at that time. We are further of the opinion that the court has a duty to inquire concerning the settlement of instructions to be given prior to the time the

charge is made to the jury, in both phases of the trial.

■ In Pierce v. State, Okl.Cr., 383 P. 2d 699, at page 703, the opinion recites from an earlier decision (Boutcher v. State, 4 Okl.Cr. 585, 112 P. 762) in which the Court said:

"This section clearly contemplates that instructions to juries in criminal cases should be settled before they are read to the jury, and that if counsel have any instructions which they desire to be given, or if they have any objections to any instructions proposed to be given by the court, it is the privilege and duty of counsel to point out such matters to the court before the instructions are read to the jury. Counsel for the defense have the right to be heard in the trial court upon the law as well as upon the facts. This is fair to all parties concerned, and is necessary to the proper administration of justice."

In James v. State, 77 Okl.Cr. 108, 139 P. 2d 202, the defendant was charged with second degree burglary, and after the jury had been instructed and had deliberated for some time, the jury returned to the court room to ask a question. The defense counsel at that time orally requested that the jury be instructed to fix the punishment, and the request was granted. Judge Barefoot said in his opinion:

"The record in this case reveals that when the jury returned to the court room, counsel for defendant orally requested that if defendant were found guilty, the jury assess the punishment. The court so instructed, and the jury assessed the punishment in its verdict at two years in the State Penitentiary. This was in conformity with the Oklahoma Statutes."

The case of Harris v. State, Okl.Cr., 369 P.2d 187, was one in which the defendant was charged with grand larceny, after former conviction of a felony. The opinion

refers to, and quotes from State v. Ferrone, 96 Conn. 160, 113 A. 452, as follows:

"* * * [W]hen the jury has been impaneled and sworn, the clerk should read to them only that part of the information which sets forth the crime for which the accused is to be tried. * * * When the jury retire to consider their verdict, only the first page of the information, on which the crime charged is set out, should be given to them. If they return a verdict of guilty, the second part of the information, in which former convictions are alleged, should be read to them without reswearing them, *and they should be charged to inquire on that issue.*" [Emphasis supplied.]

In the body of the Harris opinion, Judge Nix stated:

"Said procedure is hereby adopted and should be followed in all future prosecutions."

Subsequent to the Harris decision, supra, the 1963 Legislature enacted Section 860 of Title 22, which became effective June 6, 1963. This statute provides:

"In all cases in which the defendant is prosecuted for a second or subsequent offense the procedure shall be as follows:

"(a) The trial shall proceed initially as though the offense charged was the first offense; when the indictment or information is read all reference to prior offenses shall be omitted; during the trial of the case no reference shall be made nor evidence received of prior offenses 'except as permitted by the rules of evidence; the judge shall instruct the jury only on the offense charged; the jury shall be further instructed to determine only the guilt or innocence on the offense charged, and that punishment at this time shall not be determined by the jury.

"(b) If the verdict be guilty of the offense charged, that portion of the indictment or information relating to prior offenses shall be read to the jury and evidence of prior offenses shall be received. The court shall then instruct the jury on the law relating to second and subsequent offenses, and the jury shall then retire to determine the punishment, as in other cases."

Thus, this Legislative Act incorporated the rule of the Harris case into the substantive law of Oklahoma. In substance, therefore, this section of the statute divides those criminal trials wherein the defendant is charged in addition to the first offense, with the charge, "after former conviction of a felony", which is referred to in said section 860 as "second or subsequent offenses", into a two-stage trial. The first stage being the trial, for the commission of the alleged offense; and the second stage, being the proof of the former conviction of a felony.

■■ At the conclusion of the presentation of evidence, and other matters preceding the charge being given to the jury, the instructions to be read to the jury must be settled. This settlement is between the court, the prosecutor, and the defendant, and must be accomplished at both stages of the trial. As stated by Judge Furman in Fowler v. State, 8 Okl.Cr. 130, 126 P. 831, a 1912 case:

"But two questions are presented in the brief of counsel for appellant. The first is that the trial court erred in refusing to allow appellant to examine the instructions given, before they were read to the jury, in order that they might have an opportunity to present objections and save exceptions to the instructions read. The recitals contained in the record sustain this contention of counsel for appellant. There was error in this action of the court."

In the case at hand this error deprived the defendant of his statutory right, as provided in Title 22 O.S.A. § 926, which reads:

"In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury

may, *and shall upon the request of the* defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided." [Emphasis supplied.]

This Court stated in Shaffer v. State, Okl.Cr., 283 P.2d 578:

"* * * [W]e have held many times it is the defendant's right to request the jury fix the penalty as provided in Section 926, supra, and it was the court's duty to abide by the statutes in regard thereto. Mougell v. State, 97 Okl.Cr. 180, 260 P.2d 447."

We are of the opinion, therefore, that criminal trials conducted under the provisions of Title 22 O.S.A. § 860, being a two-stage trial, the instructions for each stage must be settled before they are read to the jury, as provided in Tit. 22 O.S.A. § 831, subd. 5. Failure to settle such instructions constitutes error.

In reaching our conclusions in this case, we must consider the two errors—discussed at length in this opinion, i. e., the instruction defining reasonable doubt, and the failure to permit the defendant's request for the jury to fix the punishment,—to be of sufficient magnitude to require this Court to modify the sentence imposed upon the defendant by the trial court.

Considering the record before us, the writer of this opinion cannot, in good conscience, reverse the case at hand. However, had the facts been controverted, and had the question been one of close decision, being based upon circumstantial evidence, the improper instruction defining reasonable doubt would have weighed heavily in warranting its reversal for a new trial. Certainly in that instance, that improper instruction coupled with another of equal gravity would have warranted such action.

Therefore, for the reasons stated herein, the judgment and sentence imposed by the trial court is reduced from twenty years to five years. This is the minimum sentence

that could have been imposed by the jury, under the provisions of Title 22 O.S.A. § 51.

The judgment and sentence as modified is affirmed.

BUSSEY, P. J., concurs.

NIX, J., not participating.