Beth J. LINDSEY, Plaintiff-In-Error,

v.

The STATE of Oklahoma, ex rel. the ALCOHOLIC BEVERAGE CONTROL BOARD, Defendant-In-Error.

No. 42521.

Supreme Court of Oklahoma.

Nov. 3, 1970.

Garrett & Stumbaugh, Mangum, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Jerry H. Holland, Asst. Atty. Gen., Oklahoma City, for defendant in error.

BLACKBIRD, Justice:

The question in this appeal from the District Court's judgment upholding an order of The Oklahoma Alcoholic Beverage Control Board suspending, for a period of 30 days, the state license of the plaintiff in error to sell alcoholic beverages at retail, is whether said judgment is sufficiently supported by the evidence. The ground upon which said Board (hereinafter referred to merely as the "Board") ordered the license suspended, upon its adoption of the findings the Director of this State's Alcoholic Beverage Act made, after a hearing before him, was that plaintiff in error, a Hollis, Oklahoma, liquor retailer, hereinafter referred to as "Appellant", had made a sale of certain alcoholic beverages on January 14th of a certain year, in violation of certain provisions of 37 O.S.1961, §§ 537 and 538, and more particularly of Art. 2, § 6, of the Board's Rules and Regulations, which reads:

"No retailer shall engage, directly or indirectly, in any conspiracy, transaction or agreement having as its object the sale or resale, away from or off the licensed premises, of an alcoholic beverage owned, sold or delivered by such retailer, *nor shall any such retailer sell or deliver any alcoholic beverage to any person with knowledge of or with reasonable cause to believe, that the person to whom such alcoholic beverage is sold or delivered has acquired the same for the purpose of peddling or reselling the same.*" (Emphasis added)

The charges, upon which the Board suspended Appellant's said license, arose out of the apprehension, by Texas authorities, of Appellant's daughter, Mrs. Linda Kess-

ler, formerly Anderson, hereinafter referred to merely as "Linda", in the act of delivering to one Joe Willie Williams, shortly after 1:00 p. m., the same lot of alcoholic beverages she had previously purchased that day at Appellant's Hollis liquor store, on a country road about 9½ miles from Childress, Texas, in one of that State's so-called "dry" counties. When the Texas officers discovered this delivery being made by transferring the beverages from the Oldsmobile Linda had driven there from Hollis, to the Buick Williams had driven there, while both cars were parked along the side of the road, some of the bottles and/or containers of it had already been placed in Williams' car.

It was never contended that the entire lot of said beverages had not been purchased at Appellant's Hollis liquor store for resale to Williams. The only question presented in this appeal is whether or not there was sufficient evidence to warrant the court in refusing to disturb the Board's determination that Appellant sold, or delivered, the beverages to Linda with knowledge, or reasoanble cause to believe, that the latter acquired them for such resale.

At the aforementioned hearing before the Director, Williams testified, in substance, that he ordered the beverages Linda, when apprehended, was attempting to deliver to him, by a long distance telephone call he placed to Hollis "about noon" of the same day the delivery attempt was made. Williams further testified that he knew Appellant by having been "in and out" of her store (which operated under the name of "Beth's Package Store"), but that he didn't know her telephone number. He further testified that when he placed the call, he supplied the telephone operator with her name, and that, when the operator connected him with a Hollis telephone, a "lady" answered it, but did not identify herself. Williams further testified, in substance, that he did not recognize the lady's voice and that he could not swear it was the Appellant, from whom he then orally ordered the beverages.

Mr. C, an agent for the Board, testified that, from the telephone company's records, he ascertained that only two telephone calls were placed through the Childress operator to Hollis on that January 14th; that both calls were made to the number listed for Appellant's package store in the Hollis telephone directory, and that the first of these calls was made at 12:17 p. m., on that day.

Appellant testified that she was the one who opened up her package store for business at 10:00 a. m., on that January 14th, and that there was no one else there then. According to Appellant, her sale of the beverages to her daughter, Linda, was made shortly thereafter, "around 10:30"; and Linda paid her the regular price of $89.30 for the entire purchase. Appellant further testified that, at that time, Linda had been visiting in her home a few days.

There was no question from the evidence but that the Oldsmobile, with which Linda attempted to deliver, to Williams in Texas, the alcoholic beverages her mother testified she had sold her, belonged to the Appellant, but Appellant testified that Linda had a car of her own; that she had driven it to Beth's Package Store when she came there to purchase the beverages; and that, upon completion of the purchase, Appellant helped Linda carry out part of the beverages to Linda's car and put them in its trunk.

When Appellant's own attorney asked her, an direct examination, if Linda was the type of person who frequents parties, and if she (the witness) had reason to believe this was what her beverage purchase was for, Appellant answered both questions with "Yes, sir".

Appellant further testified that Linda returned to her liquor store about 20 or 25 minutes after 12:00 o'clock and wanted to know if she could use the witness' car because hers wouldn't run, "and she said she had an appointment to get her hair combed at 12:30 * * *." This witness

further testified, in substance, that she gave Linda permission to use her car and that Linda then left the store in it. Appellant further testified, in substance, that she heard no more from Linda until later that day, when she telephoned Appellant and informed her she had been arrested for "possession of alcoholic beverages * * * In a dry territory", and asked her "To send her her lawyer."

■ To support her contention—in her sole proposition for reversal of the trial court's decision—that Appellant was never shown to have "KNOWINGLY SOLD ANY ALCOHOLIC BEVERAGES FOR THE PURPOSE OF RESALE", Appellant's counsel say "The facts * * * show * * * that there was no reason for Appellant to suspect that Linda * * * would buy this quantity of alcoholic beverage for resale", and that there is no evidence which, in the slightest way, indicates their client had reason to believe Linda was going to transfer it to another person. We do not agree. In addition to that portion of Joe Willie Williams' testimony hereinbefore described, the same witness, in explaining what caused him to believe that the automobile Linda was driving, on the country road in Texas, was the one bringing his order of beverages to him—though he had never been acquainted with Linda before—testified, in substance, that when he saw this Oldsmobile coming, he was in his Buick at a spot that had been "prearranged" with the person with whom he had talked, when he made his telephone call to Hollis. If this undisputed testimony is to be accepted as true, it can only mean that the resale to Williams of the beverages which Linda procured from Appellant's store was arranged before their transportation to Texas. Furthermore, if this arrangement was made during Williams' telephone call to Appellant's store—at a time when Appellant was admittedly there—we think this circumstance, in itself, supports the conclusion that Appellant had "reasonable cause to believe" that Linda had acquired the beverages for resale to Williams, even if she, instead of

Appellant, was the person with whom Williams had the telephone conversation at the package store. (Linda did not testify, and Appellant testified that she did not know her whereabouts.) Also, support for the conclusion that it was not known an out-of-town delivery of the beverages would be necessary until Williams' telephone call, may be found in the circumstance that it was not until that call was made that Appellant loaned Linda her automobile.

■ Without attempting to determine the pivotal question in this case on the basis of the relationship of principal and agent between Appellant and her daughter, Linda, in the matter of the transportation, to Texas, of the subject alcoholic beverages in the former's automobile, and of its contemplated resale there, to Joe Willie Williams (see the discussion in Howell v. Olson, Okl., 452 P.2d 768, 772; A. A. Murphy, Inc. v. Banfield, Okl., 363 P.2d 942 946; Oklahoma City Const. Co. v. Peppard, 43 Okl. 121, 140 P. 1084, 2d syll.; and 3 C.J.S. Agency § 262), we think it more pertinent to recognize that at the hearing before it, the Board was in a position analogous to that of the trier of facts in the trial of a civil action. Accordingly, it is our opinion that said Board has, and should have, the same freedom in weighing the testimony adduced before it that triers of the facts in civil actions possess. In this connection, see Allied Reserve Life Insurance Co. v. Pierson, Okl., 357 P.2d 205.

The courts have always recognized the difficulty of proving knowledge, intent, and similar subjects of mental process, by direct evidence, and, accordingly, have wisely promulgated rules allowing such things to be established by circumstantial evidence. In this connection, notice Berg v. Bryant, Okl., 305 P.2d 517, 520; Turman v. State, 75 Okl.Cr. 405, 132 P.2d 347; and 29 Am. Jur.2d, "Evidence", §§ 265 and 1091. We think the Board was warranted in taking into consideration the circumstances surrounding Appellant's sale of the subject beverages to her daughter, Linda, in de-

termining whether or not appellant had "reasonable cause to believe" that the purpose of the sale was a resale of said beverages, despite Appellant's testimony that Linda told her she was purchasing them "for a party".

In view of the above, and after carefully examining the evidence as a whole and applying to it the principles herein referred to, we cannot say that the judgment and/or decision of the trial court is without sufficient substantial evidence to support it. Said judgment and/or decision is therefore affirmed.

All the Justices concur.