Ronnie Joe QUEEN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16669.

Court of Criminal Appeals of Oklahoma.

April 19, 1972.

Washington & Hatfield, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Ass't Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Ronnie Joe Queen, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Assault and Battery; his punishment was fixed at thirty (30) days imprisonment in the County Jail and a fine of Seventy-five Dollars ($75.00), and from said judg-

ment and sentence, a timely appeal has been perfected to this Court.

 Defendant asserts numerous errors, only one of which we deem necessary to be discussed in this opinion. This case must be reversed because of the improper communications between the trial court and the jury. The jury sent the following note to the trial court in chambers: "Do we assess the penalty?" signed Flora P. Foster. The trial judge, after showing the same to the defense counsel and prosecuting attorney, wrote in response, "Use the blank verdict form that you feel best." signed Judge Thorne. Shortly thereafter the bailiff brought another note into chambers which read, "If we set the imprisonment will the judges set the fine?" The trial judge again showed the note to the defense counsel and prosecuting attorney in chambers and wrote in response to the second note, the following, "I would much prefer that both be set by the jury." signed Judge Thorne. We have previously held that the language employed by the Legislature in 22 O.S., § 857 and § 894 is not permissive but mandatory. In Ladd v. State, 89 Okl. Cr. 294, 207 P.2d 350, we stated in the sixth syllabus:

"Where the trial judge communicates with the jury, outside of the court room, in the absence of defendant or his counsel, such conduct is presumed to be prejudicial to the defendant, and the burden is upon the state to show that the defendant was not prejudiced by reason of such misconduct."

In the instant case, not only did the State not meet the burden to show that the defendant was not prejudiced by reason of such misconduct, but objected to defendant's request for a continuance to obtain service of his subpoena on the jurors, the defendant having twice unsuccessfully attempted to obtain the service of subpoenas on the six jurors.

The judgment and sentence is reversed and remanded.

BRETT and SIMMS, JJ., concur.