Harry Lanear JOHNSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–223.

Court of Criminal Appeals of Oklahoma.

Sept. 16, 1977.

Joe W. Hamlin, Burton & Hamlin, Lawton, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Harry Lanear Johnson, hereinafter referred to as defendant, was charged by information in Case No. CRF–76–441 with the crime of Burglary, Second Degree, pursuant to 21 O.S.1971, § 1435, in the District Court, Comanche County. In a bifurcated proceeding, the jury returned a verdict of guilty in both stages and assessed punishment at ten (10) years' imprisonment

in the custody of the Department of Corrections. On the 26th day of October, 1976, the trial court pronounced judgment and sentence in accordance with the jury verdict. From said judgment and sentence the defendant has filed this timely appeal.

At the trial, Mr. Pace, the State's first witness testified that some time between 11:30 p. m. on the 4th day of June and 12:05 a. m. on the 5th day of June, his pickup truck had been broken into and his C.B. radio removed from its brackets. The pickup was located at Christi's Club in the City of Lawton, Comanche County, Oklahoma. Mr. Pace and his date, a Betty Ivey, had arrived at the club at about 11:30 p. m., locked the truck, and gone inside. A few minutes later they exited and proceeded toward the pickup. When they reached the pickup, Mr. Pace noticed that the vent window was open and the door was ajar about three-fourths of an inch. As he opened the door on the passenger side, the door on the other side flew open, the date screamed, and a man jumped out. The owner of the pickup testified that the man did not have a hat, shirt or shoes and wore only a pair of blue overalls. He then observed that the C.B. had been removed from its brackets and was on the seat. He then went back in the club and asked the manager to call the police.

When the officer arrived, Mr. Pace described the individual he had seen as a black male from 17 to 20 years old, slim build, and wearing a pair of blue overalls. At that time the manager of the club saw something under some trees; Mr. Pace, the manager, and the police officer went toward the trees, and Mr. Pace observed the black male wearing blue overalls in a tree. At this point the defendant was placed under arrest by the officer.

Mr. Pace then identified the defendant as the man he had seen running from his pickup truck in the direction of the tree.

Cross-examination by the defendant consisted primarily of questions concerning Mr. Pace's ability to identify the person running away from him toward the trees.

The next witness for the State was Officer Bill Adamson, a patrolman with the Lawton Police Department. He testified that at approximately 12:05 a. m. on the morning of June 5, he proceeded to Christi's Club in answer to the call mentioned above. When he arrived, he discovered that Mr. Pace's truck had been broken into. Mr. Pace told Officer Adamson what had happened and gave the description of the man mentioned above. Upon searching the trees near the club, Officer Adamson discovered the defendant in a tree. He ordered the defendant down and arrested him. A search of the defendant revealed a pair of pliers and a screw driver.

Cross-examination of this officer concerned another vehicle which was in the area and contained a damaged left fender and the elapsed time between the incident and Officer Adamson's arrest of the defendant in the tree.

After this testimony the State rested, the defendant demurred, which was overruled.

After a verdict of guilty on the case in chief, the State then called as its next witness, Melisa Roth. She testified that she had been employed as a Deputy Clerk for eight years. She identified State's Exhibit No. 1, as containing a complaint and information against Harry Lanear Johnson charging him with Burglary in the Second Degree. She also testified that the Exhibit contained an Order appointing the defendant an attorney and a judgment and sentence on a plea of guilty to the aforementioned charge.

After argument, the jury then returned with a verdict of guilty on the second stage and assessed the punishment at ten (10) years.

■ Defendant's first assignment of error is wholly without merit; he asserts that the trial court improperly limited the scope of the identification hearing; however, a review of the record reveals that the trial court afforded defendant adequate hearing to determine that the confrontation was not so suggestive as to taint the subsequent in-court identification and to determine that the defendant was not unduly denied

his right to counsel at a post-indictment or post-information pretrial line-up. See, *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) and *Gilbert v. California*, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

■ Furthermore, we are of the opinion that the evidence overwhelmingly supports the admission of the identification made by witness Pace; Pace observed the defendant flee from the scene, described his somewhat unusual dress to the police, and was with the police when defendant was apprehended hiding in a tree near the scene within forty-five minutes after Pace had initially seen the defendant; further when apprehended the defendant was dressed as described by Pace and fit the general physical description given by Pace. Under these facts the confrontation was as much initiated by the witness Pace as by the arresting officer; this clearly was an "in-the-field-confrontation." See, *Nubine v. State*, Okl.Cr., 506 P.2d 952 (1973). See, also, *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) wherein the Supreme Court upheld more suggestive, one on one, confrontation. Defendant's first assignment of error is therefore without merit.

Defendant's second assignment of error is that the court erred in its instruction to the jury in the second stage of the proceedings. We have reviewed the instructions given by the court in the second stage and find that they wholly and adequately state the law. While we note that the defendant further complains that he was not given an opportunity to settle instructions during the second stage of the proceedings, we further note that defendant neither objected to the instructions given by the court nor submitted any requested instructions in writing to the court. We stated in *Wilson v. State*, Okl.Cr., 403 P.2d 262, 265 (1965); " . . . that the [trial] court has a duty to inquire concerning the settlement of instructions to be given prior to the time the charge is made to the jury, in both phases of the trial." However, in *Wilson*, we did not reverse, but modified the sentence based on a combination of errors; additional-ly, in *Wilson*, the defendant objected to the court's instructions and made known his desire to request additional instructions before the case was submitted to the jury.

■ It is our opinion that the better practice is for the trial court to inquire counsel for the defense and of the prosecuting attorney concerning settlement of instructions before the same are read to the jury. However, where, as here, the instructions wholly and adequately state the law, and the defendant neither objected to nor offered written instructions, we are of the opinion and so hold that the failure of the trial court to inquire concerning settlement of instructions was not error. Having already stated that the trial court's instruction wholly and adequately state the law, defendant's second assignment of error is without merit.

For his third assignment of error the defendant alleges that the verdict and subsequent judgment and sentence were not supported by the evidence.

■ This Court has repeatedly held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even if there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Lane v. State*, Okl.Cr., 357 P.2d 445 (1960).

■ For his final assignment of error the defendant urges that the Assistant District Attorney made prejudicial remarks in his closing statement. The only basis that defendant gives for this argument appears to be the statement made by the prosecutor that "the State has admitted into evidence a certified copy of a Court record which shows a conviction of a felony, one Harry Lanear Johnson." (Tr. 170). The defendant argues that the Assistant District Attorney misstated the evidence since the entire Exhibit did not in each instance contain the full name of Harry Lanear Johnson.

We do not feel that this is such a misstatement of the facts as would require this Court to modify or reverse this case. It is a well recognized rule that counsel for the State has the right to discuss inferences arising from the evidence. *McDonald v. State*, Okl.Cr., 553 P.2d 171 (1976); *Ford v. State*, Okl.Cr., 532 P.2d 89 (1975). As we have previously stated, this was in fact a reasonable inference for the jury to draw.

Finding no error which would require this Court to either reverse or modify this case we find the same should be, and hereby is *AFFIRMED.*

BRETT, J., concurs.