**Gregg Alan WOOLDRIDGE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–89–223.**

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1990.

. E. Alvin Schay, Appellate Public Defender, Jeanine Logan, Research Asst., Norman, for appellant.

Robert H. Henry, Atty. Gen., A. Diane Hammons, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

LUMPKIN, Judge:

Gregg Alan Wooldridge was convicted of Burglary in the Second Degree After Former Conviction of Two or More Felonies (21 O.S.1981, § 1435), in Cleveland County District Court, Case No. CRF–87–881. In accordance with the jury's recommendation, Appellant was sentenced to a term of twenty years in the custody of the Oklahoma Department of Corrections.

Appellant was charged with the Burglary of a Hyde Drug Store in Norman, Oklahoma. The store manager, in opening for business on June 20, 1987, discovered the Appellant laying on the floor in the pharmacy department. The Appellant appeared to be unconscious. Next to the Appellant was found a sack of cigarettes, a claw hammer with roofing material on it, a nearly empty bottle of Tussionex (a cough medicine containing a controlled substance), and other miscellaneous items. After an ambulance was called for the Appellant, a hole in the ceiling was discovered, apparently the entry through which the Appellant gained access to the store.

At trial, which was conducted on the 13th day of September, 1988, there was substantial evidence, including testimony by Appellant's experts, concerning Appellant's severe alcoholism. Witnesses testified that Appellant had consumed a large quantity of beer the evening before he was found the next morning in the drug store. The trial court gave several instructions telling the jury that while voluntary intoxication was not a defense to the crime, it could negate the finding of the intent requirement. Appellant sought to have the court instruct on the lesser offense of Illegal Entry and on Involuntary Intoxication, based on the theory that because of Appellant's intoxication, he was unable to form the specific intent necessary to complete the crime of Burglary in the Second Degree. And further, because he was an "alcoholic," he had not voluntarily become intoxicated.

Appellant has brought this appeal alleging that errors committed by the trial judge in instructing the jury at trial requires reversal in this case. He alleges three bases for reversal: First, that the trial court committed reversible error by failing to follow statutory procedures before instructing the jury in the law to apply during its deliberations. Second, that the verdict must be reversed because the jury was not properly instructed regarding lesser included offenses. And finally, that reversal is necessary because the jury should have been given an instruction on the definition of specific intent. We shall take each allegation in order to determine if a reversal in this case is warranted.

■ At the conclusion of the presentation of evidence at trial, out of the hearing of the jury, the trial judge announced to counsel that he would read instructions to the jury, even though he had not gone over the instructions with counsel. The record reveals the trial judge did this in an attempt to "save time". The trial judge said he would allow each attorney to make exceptions to the instructions after the instructions were read to the jury and the jury had retired to deliberate. Defense counsel was asked if this was "satisfactory", and he responded "It is not, but I guess I will abide by what you are going to do anyway." (Tr. 339). The trial judge proceeded to instruct the jury and submitted the case to them for deliberation.

After the jury retired, exceptions to the instructions were taken by defense counsel. The trial judge allowed exceptions regarding his failure to give instructions on illegal entry and on involuntary intoxication. Additionally, defense counsel requested instructions on any other lesser included offenses, but made no specific request as to what such lesser included offenses would be. We acknowledge that formal exceptions are not necessary in that defense counsel properly stated his objections together with the grounds upon which he relied. *See* 22 O.S.1981, § 861.

Defense counsel has a duty to submit requested instructions in writing to the court. *See* 12 O.S.1981, § 577.2. The record reveals that this was done on September 14, 1988. In his instructions to the jury, the trial judge included a substantial portion of the instructions requested by defense counsel. Those not given by the trial court but requested by defense counsel were:

1. **Illegal Entry (OUJI–CR 912 and 512).**

2. **Lesser Included Offenses or Attempts (OUJI–CR 911 and 914).**

3. **Attempts—Definition of Specific Intent (OUJI–CR 213).**

4. **Insanity Defense (OUJI–CR 728–30).**

5. **Defense of Voluntary Intoxication By Narcotics, Drugs, Hallucinogenic Substances (OUJI–CR 734).**

6. **Defense of Involuntary Intoxication By Narcotics, Drugs, Hallucinogenic Substances (OUJI–CR 737–41).**

Our law is clear as to the procedure which *must* be followed when there exists any dispute over jury instructions. In 22 O.S.1981, § 831(5), it provides:

When the evidence is concluded, the attorneys for the prosecution may submit to the court written instructions. If the questions of law involved in the instructions are to be argued, the court *shall* direct the jury to withdraw during the argument, and after the argument, *must* settle the instructions, and may give or refuse any instructions asked, or may modify the same as he deems the law to be ... When the instructions are thus settled, the jury, if sent out, shall be recalled and the court shall thereupon read the instructions to the jury. (Emphasis added.)

In *Johnson v. State*, 569 P.2d 480 (Okl.Cr. 1977), we said that the trial court should inquire of counsel for the defense and of the prosecuting attorney concerning settlement of instructions before the same are read to the jury. *Id.* at 483. (Emphasis added.) *See* also *Pierce v. State*, 383 P.2d 699, 703 (Okl.Cr.1963). In an attempt to "save time" a trial judge should not violate an established statutory procedure of law.

The trial judge's conduct in this respect is in direct conflict with 22 O.S.1981, § 831(5).

This court has previously addressed the questions raised in this appeal. In *Wilson v. State*, 403 P.2d 262 (Okl.Cr.1965), we held that the trial court has an affirmative duty to "inquire concerning the settlement of instructions to be given *prior* to the time the charge is made to the jury, in both phases of the trial." (Emphasis added.) *Id.* at 265. Based on the proceedings in the present case, it appears the trial court was under the mistaken belief that the only purpose of argument concerning the instructions was to preserve a record for appeal. The practical considerations which support the procedures outlined by Section 831(5) were set out by this court in *Jenkins v. State*, 80 Okl.Cr. 328, 161 P.2d 90 (1945):

> We believe that the administration of justice would be greatly promoted by the recognition on the part of the trial court of the constitutional and statutory right of a defendant to be heard upon questions of law, as well as upon questions of fact, and that thereby the reversal of many cases would be avoided, and much time and expense would be saved to the State. Experience teaches us that even the wisest and best men are sometimes mistaken in their views. It matters not how able and learned a judge may be, he cannot always, without the assistance of counsel, prepare instructions which will fully and correctly present all the issues involved in a case to a jury.

*Id.* 161 P.2d at 105.

The consideration of a court's time cannot justify failure to conference over the instructions with counsel prior to instructing the jury in light of not only the statutory language but our previous decisions on this issue.

■ In *Cody v. State*, 361 P.2d 307 (Okl.Cr.1961), we held that when the trial court refuses to allow defense counsel to be heard on the merits of the instructions, this court "will carefully scrutinize the instructions given and if it [finds] that the trial court has omitted to instruct fully and correctly as to every principle of law applicable to the case," then the verdict must be set aside and a new trial ordered. *Id.* at 323. Previously we have held that under certain circumstances, the resulting error may be harmless where no prejudice results to the defendant. *See Johnson v. State*, 569 P.2d 480, 483 (Okl.Cr.1977); *Wilson v. State*, 403 P.2d 262, 267 (Okl.Cr. 1965). Therefore, we must now determine if the instructions given by the trial court fully and correctly instructed the jury.

■ The elements of Illegal Entry are set out at 21 O.S.1981, § 1438:

> Every person who, under circumstances not amounting to any burglary, enters any building or part of any building, booth, tent, warehouse, railroad car, vessel, or other structure or erection with intent to commit any felony, larceny, or malicious mischief, is guilty of a misdemeanor.

We held in *Smith v. State*, 695 P.2d 1360, 1363 (Okl.Cr.1985), that illegal entry is not a lesser included offense of burglary (or attempted burglary). And in *Collums v. State*, 654 P.2d 1070 (Okl.Cr.1982), we held the two offenses to be distinct, because the state is not required to prove force in a charge of illegal entry. As there was evidence of force in the present case, an instruction on illegal entry was not required. *Smith* at 1363. Following the same reasoning in the instant case, the trial judge was correct in not instructing the jury as to Illegal Entry.

■ In order for the Appellant to be entitled to a jury instruction on any lesser included offenses, there must be evidence which reasonably tends to support such an instruction. *Collums* at 1072. In *Keeble v. U.S.*, 412 U.S. 205, 209, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973), the Court noted that "[although] the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged, it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Id.*, 412 U.S. at 209, 93 S.Ct. at 1996. "Sim-

ilarly, the state courts that have addressed the issue have unanimously held that a defendant is entitled to a lesser included offense instruction *where the evidence warrants it."* *Beck v. Alabama,* 447 U.S. 625, 636, 100 S.Ct. 2382, 2389, 65 L.Ed.2d 392 (1980). (Emphasis added.) Oklahoma applied this rule in *Gilbreath v. State,* 555 P.2d 69 (Okl.Cr.1976), and reversed the case because an instruction on a lesser included offense was not given *where evidence warranted* the instruction. We must now determine whether Appellant was entitled to an instruction on any lesser included offenses which would require reversal in this case.

The elements of Forcible Entry and Detainer are set out at 21 O.S.1981, § 1351:

> Every person guilty of using or procuring, encouraging or assisting another to use any force, or violence in entering upon or detaining any lands or other possessions of another except in cases and manner allowed by law, is guilty of a misdemeanor.

The Supreme Court of Oklahoma interpreted the meaning of Section 1351 in *Foust v. Territory,* 8 Okl. 541, 58 P. 728 (1899). The statute recognizes the possessions of another, and seeks to protect the possessions of one to the same extent and in the same manner as the lands of another. "What is meant by the term 'possessions of another,' in this statute, is the right to use, occupy, and enjoy the property to the exclusion of all others,—the mere possessory interest,—and does not imply any higher interest in the lands." *Id.* 58 P. at 729. The Appellant was not entitled to an instruction on Forcible Entry and Detainer as the record does not show that he entered upon the "land" to "detain" same and thereby force the owner away from the premises. Further, the elements of Forcible Entry and Detainer are separate and distinct from the elements necessary to establish Burglary. There was no error in the trial judge failing to give a jury instruction on Forcible Entry and Detainer.

█ The elements of Malicious Injury or Destruction of Property are set out at 21

O.S.1981, § 1760, and in pertinent part provides:

> Every person who maliciously injures, defaces or destroys any real or personal property not his own ...

We do not interpret Burglary as including this crime as a lesser included offense because the elements of Malicious Injury or Destruction of Property are not contained within the elements of Burglary. This court held in *Smith,* that it is not necessary to instruct on Malicious Injury where the evidence was similar to the facts presented in this case. 695 P.2d at 1363.

Because a trial court has no duty to instruct on any lesser included offense unless the evidence warrants such an instruction, and because we find that the evidence established at trial shows the use of force in entry, there was no error when the trial judge gave no instruction to the jury on Forcible Entry and Detainer or Malicious Injury or Destruction to Property.

█ Defense counsel requested the jury be instructed on the defense of insanity. We have said that a defendant is presumed to be sane and the burden is upon him to produce sufficient evidence to raise a reasonable doubt as to his sanity. *Bills v. State,* 585 P.2d 1366, 1372 (Okl.Cr.1978), citing *Gonzales v. State,* 388 P.2d 312 (Okl. Cr.1964). In *Brewer v. State,* 718 P.2d 354, (Okl.Cr.1986), we said that "... whether any evidence has been presented [to require an instruction on Insanity Defense] is a question of law for the trial judge; whether enough evidence has been presented is a question of fact for the jury." *Id.* at 361. "There being no evidence tending to rebut the presumption of sanity, the trial court properly refused the requested instruction." *Bills,* 585 P.2d at 1372. We again emphasized, in *Rogers v. State,* 721 P.2d 820 (Okl.Cr.1986), that "... there is an initial presumption of sanity, which remains until defendant raises, by sufficient evidence, reasonable doubt as to his sanity at the time of the crime." *Id.* at 823.

We have previously held that a defendant cannot complain on appeal where a trial court refused to give instructions on the defense of insanity when there was no

independent evidence presented tending to prove insanity. *See Stevenson v. State*, 486 P.2d 646 (Okl.Cr.1971). The insanity defense goes to the ability of the defendant to distinguish right from wrong with respect to his acts or omissions at the time of the offense. The proof required to raise the issue of an insanity defense is separate and distinct from the factual issues presented in this case. Here, the factual issues go to the ability of the defendant to form the intent to commit the offense in question, due to his voluntary state of intoxication.

The testimony presented by the Appellant's expert witnesses addressed the issue of Appellant's ability to form the requisite intent to commit the offense, due to his intoxication and not as to his sanity at the time of the offense. The trial court was correct in determining that sufficient evidence had not been presented to raise a question of the defendant's sanity at the time of the offense. Whether the Appellant was sane or insane was not properly before the court and therefore, no instruction on the defense of insanity was necessary.

■ Defense counsel requested jury instructions on the defense of voluntary and involuntary intoxication by Narcotics, Drugs, or Hallucinogenic Substances. Our statute, 21 O.S.1981, § 153, provides:

> No act committed by a person while in a state of voluntary intoxication shall be deemed less criminal by reason of his having been in such condition.

The statute was interpreted in *Grayson v. State*, 687 P.2d 747 (Okl.Cr.1984), as applying to intoxication caused by alcohol or any other drug. *Id.* at 749. The primary difference between voluntary and involuntary intoxication is that voluntary intoxication is, by statute, a far more limited defense, in that voluntary intoxication cannot exculpate a defendant but a state of intoxication may be considered by the jury in determining if defendant possessed the necessary intent in certain crimes. To invoke the defense of involuntary intoxication, the defendant must produce sufficient evidence to raise a reasonable doubt as to the voluntariness of his intoxication.

*Id.* at 749. Involuntary intoxication results from fraud, trickery or duress of another, accident or mistake on defendant's part, pathological condition or ignorance as to effects of prescribed medication. *Jones v. State*, 648 P.2d 1251, 1258 (Okl.Cr.1982). In *Jones* we said that "[i]nvoluntary intoxication is a complete defense where the defendant is so intoxicated that he is unable to distinguish between right and wrong, the same standard as applied in an insanity defense." *Id.* at 1258.

The record is clear that the defense of intoxication by way of alcohol was relied upon at trial. Appellant's expert medical witnesses testified that Appellant was an "alcoholic" and while there was testimony that he had abused drugs, the principal defense throughout trial was that of intoxication by alcohol. The trial court properly instructed the jury on the defense of voluntary intoxication under OUJI–CR 732–733 and OUJI–CR 735–736. There is nothing in the record before us that indicates that Appellant's intoxicated state resulted from fraud, duress, trickery or mistake and, therefore, we hold that the trial court properly instructed the jury on the defense of voluntary intoxication.

■ Appellant requested the jury be given OUJI–CR 213, the definition of specific intent. But, the Appellant did not object to the failure to give that instruction. Therefore, the alleged error is not preserved for review by this Court unless the failure to give the instruction constituted fundamental error.

We said in *Weimar v. State*, 556 P.2d 1020, 1024 (Okl.Cr.1976), that the requisite intent need not be proven by direct evidence, but may be inferred from circumstances and actions surrounding the defendant's conduct. *Id.* at 1024. In *Turman v. State*, 75 Okl.Cr. 405, 132 P.2d 347 (1942), we held that "[w]hether defendant had an intent to commit the crime of burglary may be established by circumstantial evidence and such intent was a question properly to be determined by the jury from all of the facts and circumstances." We determined breaking and removal of [a] plate glass window was sufficient to sustain a conviction for attempted burglary in the second degree. *Id.*, 132 P.2d at 349 quoting *Place*

*v. State,* 300 P.2d 666 (Okl.Cr.1956). The defendant's actions in the present case went beyond attempt when he actually entered the store and proceeded to gather merchandise together. At this point he was outside an "attempt" of the crime. In 21 O.S.1981, § 41, it states:

> Conviction for attempt not permitted where crime is perpetrated.
>
> No person can be convicted of an attempt to commit a crime when it appears that the crime intended or attempted was perpetrated by such person in pursuance of such attempt.

We find the Court's instructions correctly addressed the intent element of the offense and the defense of intoxication as it related to the ability of the Appellant to form that intent. The court properly set forth the intent required to be found beyond a reasonable doubt in order to find the defendant guilty of Burglary in the Second Degree and allowed the jury to consider the matter of voluntary intoxication as it related to the Appellant's ability to form that intent. Further, the trial court properly instructed the jury on the issue of voluntary intoxication in light of the intent requirement essential to a finding that Appellant was guilty of Second Degree Burglary and it was not fundamental error in failing to give the Appellant's requested instruction on specific intent.

We have reviewed the record in accordance with the guidelines set forth in *Cody* and find the jury was properly instructed on the applicable law and based on the evidence at trial, the jury could properly find that Appellant possessed the necessary intent to commit the crime of Burglary in the Second Degree. Further, while we cannot approve of the methods used by the Trial Court, the actions of the trial judge do not rise to the level of reversible error.

We therefore AFFIRM.

LANE, V.P.J., PARKS, P.J., and BRETT and JOHNSON, JJ., concur.